## GEE vs. SWAIN.

Where a person entered into a contract with the corporate authorities of a city, to fill up a lot, &c., in said city, and subsequently made an agreement with the owner of the lot to do the work for him, and receive payment therefor upon delivering to him the street commissioners' certificate for such work: *Held*, that such agreement was valid.

Where there is a variance between the contract alleged in a complaint, and that proven on the trial, of such a nature that if the objection had been taken on the trial, the court below might properly have allowed an amendment to make the complaint conform to the facts, and the evidence was admitted without objection, the judgment of the court below will not be reversed on account of such variance.

APPEAL from the Circuit Court for *Milwaukee* County. This was an action to recover of the defendant for labor performed and material furnished for him by the plaintiff, in making a fill on lot 6, block 45, in the 3d Ward of the city of Milwaukee, and on the street and sidewalk in front thereof, for which the complaint alleges the defendant agreed to pay the plaintiff thirty cents per cubic yard, amounting to $421.80, to be paid when the work was completed, which was on the 30th of March, 1859. The answer was a general denial. On the trial it appeared that the plaintiff had entered into a contract with the city of Milwaukee, in the fall of 1858, to make the fill referred to in the complaint, but the evidence on the part of the plaintiff tended to show that after he had commenced the work, it was agreed between him and the defendant, that he should do the work for the defendant at thirty cents per cubic yard, to be paid on delivery

to the latter, of the street commissioners' certificates for such work. It appeared also that the work had been principally performed by the plaintiff in the fall of 1858, was finished in June or July 1859, and amounted, at thirty cents per cubic yard, to the sum demanded in the complaint; and that the plaintiff had, before the commencement of the suit, tendered to the defendant the street commissioners' certificates for the work, which were produced in court at the trial, ready to be surrendered and cancelled.

A motion for a nonsuit was made and overruled.

The defendant, as a witness in his own behalf, testified that he never requested the plaintiff to make the fill, nor made any contract with him on the subject, and that the only negotiation between them was in reference to the purchase of the certificates, for which the plaintiff had offered to take $400, which he refused to give. It was proved also, on the part of the defendant, that said lot No. 6 was sold for a special tax of 1859, on account of the street commissioners' certificates issued to the plaintiff for said work, and had been bid in by the city of Milwaukee, and had not been redeemed. Said certificates contained a provision that if the sums certified therein to be due, should not be paid before the time of making out the assessment roll, such sums should be specially assessed upon the lots therein described, and be collected for the use of the holder as other taxes were collected on real estate in the city of Milwaukee, but that in no event should the city be held liable for the amount thereof.

The counsel for the defendant requested the court to charge the jury, " that if they should find that after the work was done by the plaintiff, he accepted the street commissioners' certificates on account of said work, and on account of his previous contract, and the amount of the same was embraced in the tax list of 1859, and the property sold for those taxes, then the plaintiff could not recover," which instruction the court refused to give, and the defendant excepted. The court charged the jury, " that if they found that the defendant, during the progress of the work, agreed to give the plaintiff thirty cents per cubic yard, though the agreement was made after the contract with the city, but at any time before the

work was completed, still the plaintiff would be entitled to recover;" to which instruction the defendant excepted.

Verdict for the plaintiff. Motion for a new trial denied, the defendant excepting, and judgment on the verdict.

*James H. Dodge*, for appellant, contended that there was a fatal variance between the allegations in the complaint, and the proof, citing 1 Phil. Ev., 504–6; 2 East, 2; 4 Taunt., 320; 2 Starkie, 385.

*L. Wyman*, for respondent. .

October 15.        *By the Court*, PAINE, J.    The appellant objects that there was a variance between the contract sworn to by the plaintiff and that stated in the complaint, inasmuch as the latter states only an indebtedness for the work on the agreement to pay thirty cents per yard, while the plaintiff swore that he was also to deliver the commissioners' certificates before 'he was to be entitled to his pay.   He testified that he did deliver them or tender them both to the defendant, and they were produced and cancelled on the trial.   No objection appears to have been made to his testimony on account of the variance, and if there had been, even assuming an amendment to have been necessary, the court should have allowed it to be made on the trial.   It shows no ground for reversing the judgment.

We think also, the court properly refused the instruction asked by the defendant, and that the instruction it did give was correct.   The point was, whether, after the plaintiff had taken a contract from the street commissioners for doing work chargeable to the defendant's lots, and had partly performed it, he might then make a contract with the defendant to take him as his paymaster for the same work, and to receive the certificates for his benefit.   This seems to have been the substance of the agreement, and it was clearly competent for the parties to make it.   Of course, the reception of the certificates afterwards by the plaintiff, would be strictly in accordance with the agreement, and no indication that he took them in violation of it, and for the purpose of enforcing them for his own benefit.

We can see no error, and the judgment is affirmed, with costs.