Flanders vs. Cottrell and another.

---

FLANDERS vs. COTTRELL and another.

PLEADING. (1) *When an issue not presented by the pleadings is fully litigated on the trial, the complaint may be amended at any time to conform to facts.*

EVIDENCE. (2) *Opinion of witness as to the influence of certain facts upon his mind, not competent testimony.*

1. In an action for commissions claimed to have accrued to N. on a sale of a printing press to C., A. & Co., the complaint alleged that N. *sold* the press for defendants and at their request. There was no evidence of such a sale by N., but the question of fact fully litigated at the trial and submitted to the jury at the instance of defendants was, whether N. was instrumental in enabling them to sell the press. *Held*, that the complaint might be amended at any time to conform to the facts proven, or the variance might be wholly disregarded.

2. The deposition of one of the firm of C., A. & Co. was taken at the instance of defendants, and he was allowed to testify to all *facts* in his knowledge bearing on the issue, but the court excluded certain statements of the witness, in answer to direct questions on the subject, to the effect that a certain letter written to his firm by N. had no influence in inducing him to make the purchase, and that he could not say that N. was instrumental in making the sale to said firm. *Held*, that the evidence was properly excluded, it being for the jury (and not for the witness) to determine, from the *facts* in evidence, whether the sale was made through the instrumentality of N. *Wilson v. Noonan*, 35 Wis., 321, distinguished.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was brought by the plaintiff as assignee in bankruptcy of one Noonan, to recover certain commissions claimed to have accrued to said Noonan on the sale of a printing press, alleged to have been made by him for the defendants, and at their request, to the firm of Cameron, Amberg & Co., of Chicago. The answer of the defendants denies that Noonan made, or was instrumental in making, any such sale.

Noonan was the proprietor of a type foundry in Milwaukee, and the defendants were manufacturers, in an eastern state, of printing presses. It is conceded that there is a general understanding between press builders and type founders that the latter may sell presses for the former at advertised rates, and that they are entitled to a commission of ten per cent. on all sales so made by them.

The testimony tends to show that Cameron, Amberg & Co. and Noonan had certain negotiations for the purchase, by the former, of a press in Milwaukee, known as a Potter press, in which Noonan had some interest. These negotiations having terminated without a purchase, Noonan called the attention of the firm to the presses of the defendants, and advised them to purchase one of those presses.

Afterwards there was an interview in Milwaukee between Noonan and the defendant *Cottrell*, in which the subject of selling a press to Cameron, Amberg & Co. was discussed by

them. Noonan testified in relation thereto as follows: "I told him I thought I had an opportunity of selling a press of his, or making a trade. I told him I would give a letter to the parties, and if he made a trade he would pay me the commis· sion. He said he would, and I gave him a letter to Cameron, Amberg & Co." The defendant *Cottrell* testified concerning that interview, as follows: "I went to his office, and in course of conversation he said he had a customer in Chicago, and wanted to give me a letter of introduction to him. The parties were Cameron, Amberg & Co. Nothing special further was said in respect to the commission, but the general under· standing, *and between us*, was, that if he was the means of sell- ing the press, he had a commission of ten per cent. He gave me a letter to Cameron, Amberg & Co., and I handed it to that firm." The letter of introduction contains this passage: "His, (*Cottrell's*) press is the same as the Potter; he has lately made some important improvements; knowing you think of buying a press, I have recommended him to call on you and talk press with you. I think you can buy a press of him on reasonable terms." On the delivery of this letter, *Cottrell* entered into ne- gotiations with Cameron, Amberg & Co., which resulted in the sale of a press to that firm for $2,300, the advertised price of which was $2,600.

There was testimony given on the trial tending to show that· one Barnhardt, an agent of the defendants in Chicago, was the person who first called the attention of Cameron, Amberg & Co. to the defendants' presses, and that he, and not Mr. Noonan, was instrumental in effecting the sale. A deposition of Mr. Cameron, one of the purchasers of the press, taken at the instance of the defendants, was read in evidence; but be- fore it was read the court sustained objections made by the plaintiff to the following interrogatories and the answers thereto, contained in such deposition, and the same were not read to the jury:

" Q. Had that letter any influence upon you in making the

sale? A. It had not. Q. Was Mr. Noonan any way instrumental in the making of that sale to you? A. I can't say that he was; I can't see where the connection came in. Q. Did the letter have any influence upon you in making that purchase? A. No, I don't see how it did."

The circuit judge instructed the jury, in substance, that if the sale was made through the influence and by the procurement of Mr. Noonan, the plaintiff was entitled to recover; but if not so made, there could be no recovery. No exception was taken to this instruction. Several instructions were proposed on behalf of the defendants, which the court refused to give as asked; but it is believed that, with a single exception, they were all substantially given in the general charge. That exception was an instruction to the effect that Noonan was not authorized to sell the press for less than $2,600, and inasmuch as he failed to find a purchaser therefor at that price, no commissions were earned, and the plaintiff could not recover.

The jury found for the plaintiff, and assessed his damages on the basis of ten per cent. commission on $2,300. A motion for a new trial was denied, and judgment entered on the verdict; from which the defendants appealed.

*Mariner, Smith & Ordway*, for appellants, contended that the verdict was against evidence and should be set aside; that there was no claim that Noonan had actually sold the press for defendants, nor had he shown any contract by which he would be entitled to commissions except upon actual sale; that he had not introduced to defendants any purchaser who was ready to pay the list price, the only one at which he was authorized to sell; nor had defendants sold to a customer of his, or voluntarily reduced the price when they might have sold at $2,600. In the absence of all these facts, and it further failing to appear from the evidence that he was in any manner instrumental in selling the press or influencing its sale, the plaintiff cannot recover. *McGavock v. Woodlief*, 20 How. (U. S.), 221; *Barnard v. Monnot*, 3 Keyes, 203; *McClave v. Paine*, 49 N. Y.,

562; Dart on Vendors, 82, 86, 210; *Tombs v. Alexander,* 101 Mass., 255 (3 Am. Rep., 349); *Walker v. Tirrell,* 101 Mass., 257; *Power v. Kane,* 5 Wis., 265; dissenting opinion of GRO-VER, J., in *Redfield v. Tegg,* 38 N. Y., 215; *Chilton v. Butler,* 1 E. D. Smith, 150; *Briggs v. Rowe,* 4 Keyes, 444; Chitty on Con., 543, 547; *Richards v. Jackson,* 31 Md., 250 (1 Am. Rep., 49); *Goldsmith v. Obermeier,* 3 E. D. Smith, 122; *Lloyd v. Matthews,* 51 N. Y., 126; *Doty v. Miller,* 43 Barb., 529; *Holley v. Townsend,* 2 Hilt., 34; *Jacobs v. Kolff,* id., 134; *Gillespie v. Wilder,* 99 Mass., 171; *Drury v. Newman,* id., 256. Counsel distinguished the cases of *Hanford v. Shapter,* 4 Daly, 244; *Cook v. Kroemeke,* id., 269; *Dreyer v. Rauch,* 3 id., 439; *Knapp v. Wallace,* 41 N. Y., 477; *Corning v. Calvert,* 2 Hilt., 56; *Lincoln v. McClatchie,* 36 Conn., 136; *Woods v. Stephens,* 46 Mo., 555; *Kock v. Emmerling,* 22 How. (U. S.), 69; and *Stewart v. Mather,* 32 Wis., 349 — in which either the price was fixed and sale at such price made by the owner, taking the matter out of the hand of the broker, or the owner refused to sell to a purchaser ready and willing to buy at the price fixed. The following cases were also distinguished, in which the broker was employed to find a purchaser at a price *satisfactory to the seller,* viz.: *Lyon v. Mitchell,* 36 N. Y., 235; *Loud v. Hall,* 106 Mass., 404; *Bornstein v. Lans,* 104 id., 215; *Redfield v. Tegg,* 38 N. Y., 212; and *Richards v. Jackson,* 31 Md., 250. Upon the question of the admission of the testimony of Cameron as to the influence of Noonan upon them in the negotiation of the sale, they argued that where the *intent* of an act becomes material, a party is permitted to testify directly upon the point; and that the evidence offered in this case was much less objectionable than that, being the most direct and reliable evidence of a *fact. Seymour v. Wilson,* 14 N. Y., 567; *Griffin v. Marquardt,* 21 id., 121; *Bedell v. Chase,* 34 id., 386; *Thurston v. Cornell,* 38 id., 287.

*Davis & Flanders,* for respondent:

1. The verdict will not be disturbed where, as in this case,

the evidence is conflicting or doubtful.   *Edmiston v. Garrison*, 18 Wis., 603 ; *Van Doran v. Armstrong*, 28 id., 239 ; *Eaton v. Joint School Dist.*, 23 id., 374 ; *Janssen v. Lammers*, 29 id., 92 ; *Chamberlain v. Dickey*, 31 id., 71 ; *Birdsey v. Butterfield*, 34 id., 52 ; *Duffy v. C. & N. W. R'y Co.*, id., 188.   The bill of exceptions does not purport to contain all the evidence, and the presumption, therefore, is in favor of the verdict.   *Dunbar v. Bittle*, 7 Wis., 143 ; *Townsends v. Bank of Racine*, id., 185 ; *Demier v. Durand*, 15 id., 580 ; *Town of Ripon v. Joint School Dist.*, 17 id., 83 ; *Atkins v. Scott*, 19 id., 137 ; *Kelley v. Kelley*, 20 id., 443 ; *Ehle v. Brown*, 31 id., 411 ; *Clark v. Plummer*, id., 450 ; *Moul v. Moul*, 30 id., 203 ; *Andrews v. Thayer*, id., 228 ; *Paine v. Smith*, 32 id., 339.   2. The judgment will not be reversed for the exclusion of evidence, where evidence to the same effect is subsequently admitted, nor unless it appears that the appellant was injured by the exclusion.   *Parker v. Amazon Ins. Co.*, 34 Wis., 363 ; *Birdsey v. Butterfield, supra ; Burnham v. Mitchell*, id., 117 ; *McCord v. McSpaden*, id., 541 ; *Herrick v. Graves*, 16 id., 164 ; *Andrea v. Thatcher*, 24 id., 471 ; *Cuthbert v. Appleton*, id., 383 ; *Roach v. Menomonie*, id., 527 ; *Mather v. Hutchinson*, 25 id., 27 ; *Matteson v. Ellsworth*, 28 id., 254 ; *Eaton v. Woolly*, id., 629 ; *Appleton v. Barrett*, 29 id., 221; *Allard v. Lamirande*, id., 502 ; *Trowbridge v. Barrett*, 30 id., 661 ; *Second Ward Bank v. Shakman*, id., 333.   3. The testimony of Cameron as to whether or not the letter of plaintiff's bankrupt had any influence upon him in the making of the purchase, was properly rejected. It was the mere opinion of the witness upon a question of fact, of which the jury were the judges.   *Eaton v. Woolly, supra ; Oakes v. Weston*, 45 Vt., 430 ; *Fraser v. Tupper*, 29 id., 409 ; *Lester v. Pittsford*, 7 id., 158 ; *Marshall v. Ins. Co.*, 27 N. H., 162 ; *Patterson v. Colebrook*, 29 id., 101 ; *Largan v. Central R. R. Co.*, 40 Cal., 272.   4. The instructions asked by defendants and rejected by the court were all either contained in the general charge or were erroneous in one or more particulars ; and their refusal was correct.   *Castello v. Land-*

*wehr*, 28 Wis., 522; *Karasich v. Hasbrouck*, id., 569; *Osen v. Sherman*, 27 id., 501.

LYON, J.   I. A question raised on the complaint will first be disposed of.   It is averred therein that Mr. Noonan sold the press to Cameron, Amberg & Co. for the defendants and at their request, and no other or different cause of action is stated. The averment is entirely unproved.   The question litigated on the trial was, not whether Noonan sold the press, but whether he was instrumental in enabling the defendants to sell it.   This question was sharply litigated; much testimony in respect to it was given by both parties; and it was submitted to the jury as the controlling question of fact in the case.   All this was done without objection by either party.   Indeed the question was thus submitted at the request of the defendants.

Under these circumstances, it is too well settled to admit of doubt or controversy, that the pleadings may at any time be amended to conform with the issue really tried, or the variance may be wholly disregarded.

II. The next question arises upon the ruling of the court against the admissibility of certain testimony contained in the deposition of Mr. Cameron.   The interrogatories and the answers thereto thus ruled out, fairly construed, amount to an offer or attempt to prove by the witness that whatever Noonan said to induce him to buy a press of the defendants, had no weight with him, but that he was prompted by other influences to make the purchase.   We think that the testimony was properly rejected.   The witness was allowed to testify to all facts within his knowledge, bearing upon the issue; and it was for the jury, and not the witness, to determine from all of the facts proved, whether the sale of the press was effected through the instrumentality of Noonan, or otherwise.

True, there are cases wherein witnesses have been held competent to testify that certain acts of theirs were free from a fraudulent or malicious intent.   *Wilson v. Noonan*, 35 Wis.,

321, is one of them. But these cases all rest upon the proposition that the intent is a *fact*, and not a mere opinion or a mere inference from certain mental processes. Whether those cases rest upon a solid basis or not, we are very clearly of the opinion that the testimony in this case which the court rejected, did not relate to an existing fact, but was merely an inference drawn by the witness from his own mental processes. We are not aware of the existence of any rule of evidence which will justify the admission of such testimony.

III. The only remaining question for determination is presented by the refusal of the court to instruct the jury, that, because Noonan failed to find a purchaser at the advertised rates, he is not entitled to commissions on the sale to Cameron, Amberg & Co.

Taking the contract between Noonan and the defendants to be as testified to by the defendant *Cottrell*, Noonan was entitled to the commission on the sale, provided he was the means of selling the press. We find in the contract no stipulation that he was not to have such commission unless the press sold for $2,600. The right to the commission depended upon but two conditions, which were, 1st, that a sale should be made, and 2d, that it should be made through the instrumentality of Noonan. The circuit court so instructed the jury. We fail to find any error in this record, and must therefore affirm the judgment.

*By the Court.* — Judgment affirmed.