## MATTHEWS and wife vs. THE TOWN OF BARABOO.

VARIANCE. AMENDMENT. *(1) Amendment at trial. When variance waived and when disregarded after verdict.*
HIGHWAYS. *(2) Extent of liability of towns for defective highways.*

1. The complaint for injuries caused by a defective highway charged the accident to a rock or stone, and the evidence, taken without objection, tended to show that the accident resulted from a stone, *or rut*, or both. *Held*,

(1) That if the question of variance had been raised on the trial, by objection to evidence of the rut, plaintiffs should have been permitted to amend according to the fact, before verdict.

(2) That the question of variance, not having been raised on the trial, was waived by the defendant, and could not be raised after verdict. So *held* where the defendant attempted to raise that question by exceptions to the charge, taken (under the statute) during the term, but after the jury was discharged.

(3) That if the complaint had not been amended after verdict, the judgment could not have been reversed for the variance, and such amendment

therefore worked no injury to the defendant; and an affidavit of surprise made by defendant after verdict, pending a motion for a new trial, and before the allowance of such amendment, was too late for any purpose except as an appeal to the discretion of the court below on the motion for a new trial.

2. A town is liable for defects anywhere in the worked and traveled part of a highway, although the same may be wide enough for three or four teams abreast.

APPEAL from the Circuit Court for *Sauk* County.

Action for damages for injury to the plaintiff's person, caused by a defective highway. The complaint, as amended, alleges that the defendant had "allowed, carelessly, negligently and unlawfully, a large rock or stone *and a rut* to be and remain in one of the most public highways in defendant's town, * * * * * and that one of the forward wheels of said wagon in which said plaintiff was riding so as aforesaid, suddenly struck said rock, or stone, *or dropped into said rut*," whereby the plaintiff was injured, etc.; but the words in *italics* were first inserted by amendment after verdict for the plaintiff. Among other instructions the court gave the following: "There seems to be no doubt that the plaintiff, at the time alleged and upon the highway in question, and [at the] place in question, fell out of the wagon in which she was riding with her brother and sister, and was considerably injured. Whether or not she was thrown out by reason of the defect, a stone, a rut, or both in the highway, amounting to a defect which should render the town liable, is a question of fact for you to determine."

After verdict for the plaintiff, and while a motion for a new trial was pending, an affidavit of one of the supervisors of the defendant town was submitted, stating, in substance, that the defendant had no notice or knowledge of any defect in the highway except the stone complained of, and that the proof as to the rut was a surprise. The attention of the court was then for the first time called to the fact that the only defect

of the highway alleged in the complaint was a stone. The complaint was then amended as above stated.

From an order denying a new trial, the defendant appealed.

*C. C. Remington*, for appellant, argued that as the stone in the highway was the only defect complained of, the question of any other defect ought not to have been submitted to the jury. *Ferguson v. Porter*, 4 Fla., 102; *Sayre v. Townsend*, 15 Wend., 647; *Wardell v. Hughes*, 3 id., 418. The amendment, if allowed at all, should have been upon terms of the respondents relinquishing the verdict, paying the costs, and taking a new trial. This case, in view of the affidavit of surprise, is a much stronger one for imposing such terms than *Pierce v. Northey*, 14 Wis., 9.

*J. W. Lusk*, for respondents:

The amendment was properly granted, it being evident that the defendant could not have been misled. *Danley v. Williams*, 16 Wis., 585; *Muzzy v. Ledlie*, 23 id., 447; *Bowman v. Van Kuren*, 29 id., 214; 34 id., 380; 30 id., 378; *Brayton v. Jones*, 5 id., 117, and Dixon's notes, p. 629. 2. The motion to amend the complaint was addressed to the discretion of the court, and is not reversible on appeal. *Van Duzer v. Howe*, 21 N. Y., 539; *Gillett v. Robbins*, 12 Wis., 330.

RYAN, C. J. The complaint, before amendment after verdict, charged the defect of the highway, and the resulting accident, to a rock or stone. Witnesses attributed the accident to a stone and to a rut; some to the one, some to the other, and some to both. All this testimony was taken without objection; no exception whatever to evidence appearing in the bill of exceptions. This not unnaturally led the learned judge of the court below to think the complaint broad enough to cover both stone and rut; and so he charged the jury. The variance between the pleading and the proof appears not to have been pointed out to him, until after verdict; the exceptions to the charge being taken, under the statute, during the term, but after the jury had been discharged.

Had the question of variance been raised on the trial, by objection to evidence of the rut, it would have been the duty of the court below to have permitted the respondents to make the amendment before verdict, which was actually made after verdict. *Fobes v. School Dist.*, 10 Wis., 117; and numerous other cases cited by DIXON, C. J., in note to *Brayton v. Jones*, 5 Wis., 627.

The question of variance, not having been raised on the trial, was waived by the appellant, and cannot be raised after verdict. *Gee v. Swain*, 12 Wis., 450; *Gardinier v. Kellogg*, 14 id., 605 ; *Mead v. Bagnall*, 15 id., 162; and numerous other cases cited in the note to *Brayton v. Jones; Flanders v. Cottrill*, 36 Wis., 564. And this disposes of the exceptions to the charge of the court below founded upon the variance.

It is apparent that, had the complaint not been amended after verdict, the judgment could not have been reversed for the variance. The amendment therefore worked no injury to the appellant. It was purely formal. And whatever might have been the affect of the affidavit of surprise, if made upon amendment during trial, it was too late after verdict for any purpose, except as an appeal to the discretion of the court below, on the motion for a new trial.

It appears that, at the *locus in quo*, the worked and traveled part of the road was wide enough for three or four teams abreast; and the jury was instructed, in substance, that the town was liable only for defects in the worked and traveled part, but was liable for defects anywhere in that. This was undoubtedly correct. *Kelley v. Fond du Lac*, 31 Wis., 179; *Cremer v. Portland*, 36 id., 99. But the appellant claims that there was evidence tending to show two ruts or gullies; one in the traveled roadway, and another on the side of the road which might be considered outside of the traveled part; and that the wagon in which the female respondent was riding, meeting another team, turned to the left contrary to the law of the road, thus encountering the gully on the roadside,

and so causing the accident. We are able to discover no evidence showing that the wagon went out of the traveled part of the road. And if both ruts or gullies were in that part, it is immaterial in law which caused the injury. But it is sufficient to say that the appellant asked for no instruction on that point; and that, under the charge of the court, the jury must have found that at the time of the accident, the wagon was in the traveled part of the road, and the driver was guilty of no contributory negligence.

The merits of that question were presumably passed upon by the court below in refusing a new trial. And the order, in such a case, will not be reviewed in this court. *Van Doran v. Armstrong*, 28 Wis., 236.

*By the Court.* — The judgment of the court below is affirmed.