## CODY vs. BEMIS and another.

### *(1) Variance.   (2) Reversal of judgment.*

1. The complaint avers that plaintiff paid defendants for a certain chattel; and the proof was that a third person, his debtor, delivered goods for plaintiff to defendants to the amount of the price of said chattel, for which defendants gave plaintiff credit. *Held,* that this, if a variance, is one which could not mislead defendants, and for which the judgment will not be reversed.
2. Where there is conflicting evidence, which is fairly submitted to the jury, this court cannot reverse the finding.

APPEAL from the Circuit Court for *Sheboygan* County.

The complaint alleges that the plaintiff contracted with defendants for the purchase from the latter of a bureau, for the agreed price of $22, and that said sum has been paid, but defendants have refused to deliver the bureau on demand. Judgment is asked for the amount paid, with costs.

The answer alleges that the bureau was delivered in pursuance of the contract, and that it was to be paid for in logs, which have been delivered and accepted in payment.

On the trial, the evidence showed that an arrangement was effected between the parties and one F., a debtor of plaintiff, that F. should deliver a quantity of logs to defendants in payment for the bureau, and that he had delivered the logs accordingly, which were placed to plaintiff's credit. The defendants moved for a nonsuit on the ground that the complaint was for money had and received, while the evidence showed an exchange of the bureau for logs; but the motion was denied.

Cody vs. Bemis and another.

Upon the question of delivery of the bureau the evidence was voluminous and conflicting. The case was submitted to the jury upon that question alone. Plaintiff had a verdict and judgment for the amount claimed; and defendant appealed from the judgment.

For the appellant, a brief was filed by *Edwin Clark* as his attorney, with *W. H. Seaman*, of counsel; and there was oral argument by *Mr. Seaman*. They contended that plaintiff had entirely failed to prove the cause of action stated in the complaint, and should have been nonsuited. *King v. Kerr*, 4 Chand., 159; *Maynard v. Tidball*, 2 Wis., 34; *Bradley v. Levy*, 5 id., 400, and note on p. 406, and cases cited in Appendix, p. 629; *McBain v. Austin*, 16 Wis., 88; *Botkin v. Earl*, 6 id., 393; *Mann v. Morewood*, 5 Sandf. S. C., 557; *Garvey v. Fowler*, 4 id., 665; *Smith v. Leland*, 2 Duer, 497; Van Santv. Pl., 240.

*John E. Thomas*, for respondent, cited the following authorities: 23 Wis., 55; 12 id., 112, 303; 7 id., 503; 29 N. Y., 358.

RYAN, C. J. The complaint avers that the respondent paid the appellants for the bureau in question. The proof is, that he made the payment through a third person, his debtor, who delivered or had delivered logs for him to the appellants, to the amount of the price, for which the respondent gave him credit. If a variance, this is only a variance which could not mislead the appellants, and cannot disturb the judgment here. *Harris v. Wicks*, 28 Wis., 198; *Strahlendorf v. Rosenthal*, 30 id., 674; *Flanders v. Cottrell*, 36 id., 564.

The other matters argued here were pure questions of fact, arising on a conflict of evidence, fairly submitted by the court below to the jury, and which the jury found for the respondent. It is not for us to review such a finding.

*By the Court.* — The judgment of the court below is affirmed.