43 545
83 383

RUSSELL & CO. vs. LOOMIS.

*(1) Variance. (2) Reversal of judgment. (3) New trial.*

1. In an action upon a promissory note, the answer merely set up as a defense a failure of consideration by a failure of the machine for which the note was given, to work as specially warranted, with a claim for damages for such breach of warranty by way of recoupment; but the question litigated, without objection on either side, was, whether the contract had not been rescinded by a failure of the machine and an offer to return it by defendant. *Held,* that the variance must be disregarded here.
2. A judgment will not be reversed for instructions which, if incorrect, could not injure *the appellant.*
3. The refusal of a new trial for newly discovered evidence, mostly cumulative and otherwise inconclusive, *held* no error.

APPEAL from the Circuit Court for *Grant* County.

Action, commenced in a justice's court, upon a promissory note given by the defendant to the plaintiffs for a "combined mower and reaper." Plaintiffs obtained a judgment in the

justice's court for the full amount of the note. The cause was taken by appeal to the circuit court, where the jury found in general terms "for the defendant." A motion by the plaintiffs for a new trial, on the ground of newly discovered evidence, and also on the ground that the verdict was contrary to law and the evidence, was denied; and plaintiffs appealed from a judgment on the verdict.

The pleadings, the issues actually tried, the instructions of the court which were excepted to, and the character of the newly discovered evidence, will sufficiently appear from the opinion.

For the appellants, a brief was filed by *Hazelton & Provis*, and there was oral argument by *Mr. Provis*. To the point, that a warranty cannot be implied where an express warranty of the kind here shown is given and accepted, they cited *Prentice v. Dike*, 6 Duer, 220, and *Giffert v. West*, 37 Wis., 115; and distinguished *Merriman v. Field*, 24 id., 640, and *Boothby v. Scales*, 27 id., 626. They further contended that, as the only defense to the note set up in the answer was failure of consideration, and as the machine was sold both as a mower and reaper, the court erred in instructing the jury that if they found the machine to be "useless for the purpose of reaping grain, the defense was sustained." The jury naturally understood this to mean that if the machine, though unquestionably good as a mower, was useless as a reaper, this was a complete defense to the whole amount of the note; whereas that fact would show only a partial failure of consideration, and therefore only a partial defense under the answer. If the verdict settles anything, it is that there was an entire failure of consideration, and, to support such a verdict, the property must be proven worthless. *Shepherd v. Temple*, 3 N. H., 455; *Peterson v. Johnson*, 22 Wis., 21.

For the respondent, a brief was filed by *Barber & Clementson*, and the cause was argued orally by *Mr. Clementson*. They contended that the taking of the written warranty did

Russell & Co. vs. Loomis.

not exclude that implied by law *(Boothby v. Scales,* 27 Wis., 626, 632); that the written warranty was at any rate more extensive than that implied by law; that the instructions were sufficiently favorable to the plaintiffs; and that there was no error in refusing a new trial for newly discovered evidence, as there was no probability that such evidence would produce a different verdict. *Edmiston v. Garrison,* 18 Wis., 603; *Conradt v. Sixbee,* 21 id., 384.

COLE, J.  The first error assigned in this case relates to the charge of the court.  Before proceeding, however, to consider the charge, it is proper to remark that the cause seems to have been tried on the theory that there was a rescission of the contract.  It is true, no such defense is set up or relied on in the answer.  The pleadings before the justice were oral, and the cause was tried in the circuit court without any further pleadings being filed.  The plaintiff declared upon the note. The defendant answered, admitting the making of the note, but pleaded a failure of consideration, a special warranty of the machine, and a failure of the same to work as warranted. Subsequently, the defendant, upon leave, amended his answer by claiming damages for a breach of the warranty, by way of recoupment.  But while this was the state of the pleadings, the entire evidence on the part of the defendant was directed to the point, and calculated to show, that the machine on trial did not fulfill the warranty, and that he returned it, or offered to return it, to the agents of the plaintiffs for that reason. This defense was controverted by testimony on the other side. But the whole case shows that the real question litigated was, whether, under the circumstances, the defendant had the right to rescind the contract, and had in fact rescinded it.  Such being the question tried, without objection on either side, the variance between the answer and the issue really tried must be disregarded.  *Flanders v. Cottrill,* 36 Wis., 564; *Matthews and wife v. The Town of Baraboo,* 39 id., 674.  Keep-

ing in mind the real issue litigated, let us now examine the charge which was excepted to.

The learned circuit judge, while speaking of the warranty which the law implies on the sale of an article by the manufacturer, remarking that the law would imply that such article was free from latent defects, and reasonably fit for the use for which it was manufactured and purchased, proceeded to say further, that "the taking of a written memorandum containing some express warranties upon other points, does not exclude a warranty which the law implies, that the article is reasonably fit for the use for which it is manufactured or purchased." This charge was excepted to on the part of the plaintiffs. This charge was clearly inapplicable to the evidence, and, if unsound as a proposition of law, could not have prejudiced the plaintiffs, for this reason. It was admitted that there was a written warranty in and by which the machine was "warranted to be well made, of good material, and, if properly operated, will do as good work, in grain or grass, as any other machine of its class in the market, in the same condition of crops and under the same circumstances." This was the language of the express warranty, and it is very evident it is more extensive and broader in its terms than the one which the law would imply. The implied warranty would be satisfied if the machine were free from all latent defects and were a reasonably good reaper and mower. But in order to fulfill the written warranty, it was necessary that the machine, when properly operated, should do as good work in grain or grass as any other machine in the market, of its class. The charge was calculated rather to prejudice the defendant than the plaintiffs, because it assumes that if the machine answered the warranty which the law implies, by being reasonably fit for the use for which it was manufactured and purchased, this was sufficient.

Another instruction excepted to was the following: "If the jury find from the evidence that the machine for which the

note was given contained such defects as to render it practically useless for the purpose of reaping grain, the defense is sustained, and your verdict should be for the defendant, unless you find that he waived the benefit which the law gives a purchaser under an implied warranty." This charge was certainly quite as favorable to the plaintiffs as the law would allow, if not more so. For the machine was expressly warranted, as we have seen, to do as good work in grain — as well as in grass — as any other of its class in the market. But the court charged that if the machine contained such defects as to render it practically useless for the purpose of reaping grain, the defense was sustained, unless the defendant had waived the benefit which the law gives a purchaser under an implied warranty. It is quite evident that the defendant was not bound to prove that the machine was practically useless as a reaper, in order to show a breach of the express warranty. For when he proved that the machine failed to do as good work, *either as a reaper or mower*, as any other machine of its class, he established his right to rescind the contract. Throughout the charge there is some confusion in consequence of applying to the written warranty the same degree of liability as the law would impose in case of an implied warranty; but as the former embraced more than the latter, we cannot see that it was possible for the plaintiffs to have been injured by this indistinctness in the charge. For, under the ruling, they were held to a less responsibility than their contract really imposed upon them.

No exception was taken to the charge wherein the jury were directed, in substance, that if, upon trial, the machine did not do good work, was in fact defective, and the plaintiffs, upon being notified, failed to put it in a condition to work well, the defendant had the right to return it; that an offer to return the machine after finding it defective, and a refusal to receive it, would have the same effect as though it had actually been returned. And in the same connection the jury were likewise

told, that if, after a fair trial, the defendant accepted the machine notwithstanding the defects it might contain, he was bound by the acceptance. We have already observed that the real issue tried was, whether or not the defendant had the right to return the machine and rescind the sale. He defended against a recovery on the note, on the ground that he had that right, and had exercised it within a reasonable time under the circumstances. No objection is taken to the charge upon this branch of the case.

This brings us to the only remaining point we deem it necessary to notice: that is, whether the court erred in denying the motion for a new trial on the ground of newly discovered evidence. This newly discovered evidence is contained in the affidavit of Mr. Shrader. We have examined the affidavit, and think it furnishes no ground for granting the motion. The material facts stated in the affidavit are cumulative. It is true, he makes this statement as to what he observed or thought when he saw the defendant operating the machine at the time he called upon him: "The land," he says, "Loomis was cutting upon, was sandy land, light and dusty, and I then saw that he did not oil the machine as often as I would require a man to oil a machine of mine under the same circumstances." But this statement does not show, nor does it justify the inference, that the failure of the machine to work as warranted was in consequence of its not being sufficiently oiled. The defendant claimed that the machine worked badly because of the heating of the pitman box; but what caused that heating, was a question not satisfactorily explained by the evidence on the trial. It surely was not claimed by the plaintiffs that it was caused because the machine was not properly oiled. Nor does Shrader say that it was. He merely says that he would require a machine to be oftener oiled than this was. We therefore think, upon this affidavit, that the motion for a new trial was properly denied.

It follows that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.