ASCHERMANN and another vs. THE PHILIP BEST BREWING COMPANY.

TROVER. *(1, 2) What constitutes a conversion.*
VARIANCE: *(3) When disregarded, or amendment allowed.*

1. The *wrongful destruction* of goods by one not the owner, is a *conversion*.
2. The owner of a building consisting of a beer-room and an ice-room, con-

---

Aschermann and another vs. The Philip Best Brewing Co.

nected by slides, gave a chattel mortgage of the building to defendant, and a bill of sale of the ice in the ice-room to plaintiffs. Defendant took possession of the building under its mortgage, stored beer in the beer-room, and gave plaintiffs notice to remove the ice, which they did not do, nor did they ever demand it from defendant. Defendant opened the slides between the two rooms, and allowed a current of air to pass over the ice and into the beer-room, cooling the beer, and causing a more rapid melting of the ice than would otherwise have occurred; but did not claim to own the ice, nor otherwise interfere with it. *Held*, that defendant is liable for the ice so destroyed.

3. Where evidence received without objection, disclosing the whole transaction in dispute, shows a cause of action in plaintiff's favor for the amount awarded by the jury, a *variance* between pleadings and proof, by which defendant has plainly not been misled to his injury, is not fatal; but the pleadings may be amended in accordance with the proofs, or the variance disregarded. R. S. 1858, ch. 125, secs. 33, 34, 37.

APPEAL from the County Court of *Milwaukee* County.

Action to recover damages for the unlawful conversion by the defendant, at Ludington in the state of Michigan, of 345 tons of ice, the property of the plaintiffs, of the alleged value of $3.50 per ton. The complaint is in the usual form of complaints in actions of trover. The answer is a general denial. The case is stated in the brief of counsel for the defendant, as follows:

"Plaintiffs had received a bill of sale of ice stored in one room of an ice-house, but did not take possession. Defendant had previously a chattel mortgage on the building, under which its agent took possession in June, 1876. The building was owned by one McGregor, who gave both instruments to secure debts to the respective parties. Possession was taken [by defendant] by forcing the door of the beer-room (adjoining the room in which was the ice), and storing beer there. There were slides between the beer-room and ice-room, which defendant opened, thus allowing a current of air to pass over the ice, and into the beer-room and upon the beer, thereby cooling the beer and increasing the natural tendency of the ice to melt. Defendant did not interfere with the ice, nor take possession, nor destroy it, nor ever claim any title to it, nor any control or dominion over it. On the contrary, he

gave plaintiffs notice to take away the ice, which, however, they did not do, nor did they take any steps to remove or obtain the ice. They made efforts to sell it to defendant, and to others, without success; but they did not demand it of defendant, nor was it refused to them. During the summer of 1876, the ice was melting, partly owing to summer heat, and partly to the slides being open for the benefit of defendant's beer. It may be added here (although the fact is not mentioned in the case), that McGregor had built and stocked the ice-house, and was under agreement with defendant to act as its agent, and to store and cool the beer, but that agreement had been terminated by defendant on account of McGregor's failure to make payments.

" The melting also tended to solidify the cakes of ice into a mass; or may have done so, the evidence being indefinite on that subject. There was no other evidence tending to show a conversion."

The above statement is as favorable to defendant as the testimony will warrant. The following proceedings, quoted from the printed abstract of the case, were had on the trial of the action:

" Defendant requested the county judge to instruct the jury, first, that the act of opening the slides, even if illegal, did not constitute a conversion by defendant, of the ice melted in consequence of that act, but the remedy is in another form of action; secondly, that plaintiffs had no cause of action against defendant on account of the opening of the slides; and thirdly, that plaintiffs had shown no right to the occupancy of the building against defendant, and no right to control the manner of use of the building by him. The county judge refused to give these instructions, . . . but instructed the jury that if the ice was depleted in consequence of the raising of the slides in the manner testified to here, defendant would be just as much liable for the quantity of ice used in that way as if it had taken out an equal number of cakes from the ice-house, and put them in the cooling room. He added: ' You will take the

case all together, and if you find that defendant has converted this ice, or any portion of it, plaintiffs are entitled to recover for such conversion, together with interest upon the amount which you may find, up to the present time.' He further instructed the jury, as follows: 'If in consequence of the opening of the slides by defendant, he destroyed the balance of the ice, that is also a conversion.' "

Verdict and judgment in plaintiff's favor, for 175 tons of ice, at $3.50 per ton, with interest. Defendant appealed from the judgment.

For the appellant, there was a brief by *Carpenter & Smiths*, and oral argument by *Winfield Smith*. They contended, among other things, 1. That as it appeared that defendant never made any claim to the ice, but expressly acknowledged plaintiffs' title to it, the opening of the slides, even if wrongful and injurious to the plaintiffs, was not a conversion. 1 Chitty's Pl., 178; 2 Mod., 244; 2 Saund., 47 *e;* 2 Salk., 655; 1 Vent., 223; 5 Burr., 2825; *Longstaff v. Meagoe*, 2 Ad. & El., 167; Buller, N. P., 44, 45; *Byrne v. Stout*, 15 Ill., 180; *Amadon v. Myers*, 6 Vt., 308; *Traylor v. Horrall*, 4 Blackf., 317; *Hill v. Hayes*, 38 Conn., 532; ALDERSON, B., in *Foulds v. Willoughby*, 1 Dowl., N. S., 86; *Peck v. Knox*, 1 Sweeney, 311. 2. That defendant's act in opening the slides was not even wrongful; that as he had at least a possessory title to the whole building, and plaintiffs none at all, the latter had no right to occupy the ice-house, nor to prescribe how defendant should occupy or use it; and that when plaintiffs continued to occupy the ice-house, at least after a reasonable time for removal, they were mere trespassers, and could not complain of any use which defendant might see fit to make of the building.

For the respondents, there was a brief by *Jenkins, Elliott & Winkler*, and oral argument by *D. S. Wegg*. To the point that trover could be maintained upon the facts in this case, they cited Bacon's Ab., "Trover;" 1 Chitty's Pl., 153; Broom's Com. Law, 805; *Gomersall v. Medgate*, Yelv., 194; *Kennet v. Robinson*, 2 J. J. Marsh.,

84; *Hall v. Amos*, 5 T. B. Mon., 89; *Simmons v. Sikes*, 2 Ired. Law, 98; *Bristol v. Burt*, 7 Johns., 256; *Dench v. Walker*, 14 Mass., 500; *Smith v. Schulenberg*, 34 Wis., 49, 50; 2 Greenl. Ev., § 642. They further contended that if defendant had a right under the laws of Michigan to take possession of the building before the mortgage debt became due (the mortgage itself containing no clause to that effect), it was merely entitled to hold it as security until the maturity of the debt, and any act in using the building or its contents, unless necessary for their preservation, was a tort. *Fraker v. Reeve*, 36 Wis., 89; *Barnett v. Timberlake*, 57 Mo., 500; *Spaulding v. Barnes*, 4 Gray, 330; *Mathews v. Fisk*, 64 Me., 107; *Johnson v. Cumming*, 15 C. B. (N. S.), 330. Had it been absolute owner of the beer-room, its opening the slides so as to destroy the ice would have been a tort. *Sic utere tuo*, etc. Broom's Leg. Max., *274 et seq., and cases there cited.

LYON, J. Both of the learned counsel. who argued the cause in this court affirm the rule of law that "a conversion may be either, 1st, by *wrongfully taking* a personal chattel; 2d, by some other *illegal assumption of ownership*, or by illegally *using* or *misusing* goods; or 3d, by a *wrongful detention;*" and also that the wrongful destruction of goods by one not the owner thereof is a conversion of the goods so destroyed.

Testing by these rules the act of the defendant in opening the slides between the ice-house and the beer-room, thus wasting the ice of the plaintiff, there seems little room to doubt that the ice thus wasted was converted by the defendant. It was destroyed as effectually (though perhaps less rapidly) as it would have been had the defendant taken the same quantity from the ice-house in mid-summer and exposed it a sufficient time to the rays of the sun. Had the defendant wrongfully destroyed the ice in that manner, it would undoubtedly have been a conversion of the ice so destroyed. The warmer temperature outside the ice-house is the element

of destruction in either case, and it is difficult to comprehend the principle upon which a person who wrongfully exposes the ice to that element in one of these ways would be guilty of a conversion, and not guilty of a conversion if he exposed it thereto in the other way.

But the question whether the act of the defendant in opening the slides, and thereby causing the ice to melt, is a conversion or not, is of no importance in the case. The testimony was all received without objection, and it tends to show that the quantity of ice for the destruction of which damages were assessed by the jury, was destroyed by the opening of the slides. If that act was not a technical conversion of the ice, yet, if it was an unlawful act, the plaintiffs would be entitled to recover the same damages in some other form of action *ex delicto*. If there is a variance here, the defendant could not have been misled by it; and the rule is well settled that in such a case, a variance between the pleadings and proofs is not fatal to the action, but that the pleadings may be amended to correspond with the proofs, or the variance may be disregarded. R. S. 1858, ch. 125, secs. 33, 34, 37; *Flanders v. Cottrell*, 36 Wis., 564; *Matthews v. Baraboo,* 39 id., 674; *Cody v. Bemis*, 40 id., 666; *Weston v. McMillan*, 42 id., 567; *Russell v. Loomis*, 43 id., 545.

It is claimed by the learned counsel for the defendant, that the plaintiffs have no cause of action in any form for the destruction of their ice caused by opening the slides. It is said that the defendant was in lawful possession of the building, and had the right to use it as it pleased; at least that it might do so after notice to the plaintiffs to remove their ice from it. This proposition is plausible, and was ingeniously argued; yet we are constrained to think that it is unsound when applied to the facts of this case. To illustrate: My neighbor may have provisions in my cellar, which he suffers to remain there wrongfully after I have notified him to remove them. Yet if I consume his provisions, or destroy them in any other manner, he may maintain trover against me for converting them. And it is quite immaterial whether I consume them,

or destroy them by casting them into the street, or by opening my cellar and causing their destruction by the action of the elements. The result to the owner is the same, and my liability to him is the same, in either case. Of course I have legal remedies against my neighbor for thus unlawfully suffering his property to remain on my premises; but the right to destroy his property is not one of them.

So in this case, we think that whatever legal remedies the defendant had against the plaintiffs, for their failure to remove the ice within a reasonable time after notice to remove it, the defendant had no legal right to use the ice, or to destroy it in any other manner. Hence the defendant is liable to respond in damages to the plaintiffs for the value of the ice so used or destroyed by it.

As we understand the rulings of the learned county judge on the trial of the action, they are all in harmony with the foregoing views. Finding no error disclosed in the record, we must affirm the judgment of the county court.

*By the Court.* — Judgment affirmed.

RYAN, C. J., took no part.