Hopkins, Appellant, vs. Chicago, Milwaukee & St. Paul Railway Company, Respondent.

*April 19—May 8, 1906.*

*Railroads: Negligence: Injury to passenger while alighting: Sudden jerking of train: Pleading: Variance: Amendment to conform to proof: Verdict for plaintiff contrary to his evidence.*

1. In an action against a railway company for injuries sustained by a passenger the complaint alleged that after defendant's servants had announced the arrival of the train at her station, and after it had come to a standstill, plaintiff arose from her seat and proceeded forward for the purpose of alighting, but before she had had a reasonable time to get off the train it was negligently and violently started and jerked, whereby plaintiff was thrown to the floor and injured. *Held*, that this allegation was broad enough to cover negligent management of the train in suddenly and violently starting it up while plaintiff was in the course of alighting, whether such starting was immediately before or immediately after the train came to a stop; and defendant having fully litigated such issue, and the jury having found that though

the train was not started and jerked after it came to a stop, yet defendant's negligence in bringing the train to a stop was the proximate cause of the injury, plaintiff was entitled to judgment on the verdict.

2. If an amendment of the complaint were necessary, in such case, to make it conform to the proof and finding, it should have been permitted, all material questions having been fully tried and defendant not having been misled by the allegation of the complaint.

3. The fact that a verdict is contrary to a part of the evidence of plaintiff and his witnesses does not preclude a recovery by him thereon if it is supported by the evidence in the case.

APPEAL from a judgment of the circuit court for Rock county: B. F. DUNWIDDIE, Circuit Judge. *Reversed.*

Action to recover damages for injuries alleged to have been caused by defendant's negligence. It is alleged that on September 16, 1903, plaintiff, under contract by the purchase of a passenger's ticket over its road for the trip, was a passenger from Clinton Junction to Delavan, Wisconsin, on one of defendant's passenger trains on its railroad; that the passenger train on which she was being carried as such passenger reached Delavan, and

"when said train was approaching near to and within a short distance of said station, and being slowed up for the purpose of stopping at its depot at Delavan, said defendant, by its servants, agents, and employees then and there in charge and control of said train, publicly announced the arrival at said Delavan station, opened the doors of the car in which plaintiff was so riding and collected the parcels, packages, and baggage of the passengers whose destination was Delavan, and proceeded toward the platform with such parcels and baggage in order to assist said passengers in leaving said train, and so then and there invited and directed the passengers, and especially this plaintiff, to prepare and make ready to get off of said train at its said Delavan station. That thereupon, in response to said invitation so extended as aforesaid, and immediately after said train had come to a full stop at the depot platform at Delavan, and after several of the passengers had alighted therefrom, plaintiff, in the exercise of due diligence,

care, and caution on her part, arose from her seat in said car and proceeded toward the forward or east end thereof for the purpose of alighting therefrom, but before this plaintiff had had a reasonable or sufficient time, in the exercise of ordinary care, to get off of said train and while she was proceeding to get off, using due care and caution, and just as she was about to step upon the forward or east platform of said car, said defendant, by its servants, agents, and employees so in charge of said train, suddenly, negligently, and carelessly, and without any warning or notice to this plaintiff, caused said train to be suddenly, rapidly, and violently started and jerked, whereby this plaintiff was thrown with great force and violence upon the floor of said car and sustained the injuries hereinafter alleged."

The complaint then describes the injuries and demands damages. The answer admits the formal allegations of the complaint; that plaintiff was a passenger on its train, as she claims; that she had prepared to alight from its car upon announcement by those in charge of the train that it was about to stop at Delavan station; that the train gradually slowed up to make such stop; that plaintiff had arisen from her seat and taken a position near the east door for alighting from the car when it stopped; and that she fell while still on the car and sustained injuries; but the answer denied knowledge as to the extent and the effect of the injuries or as to any expense incurred on account thereof. All allegations not admitted were denied by the defendant, specifically those charging it with negligence, that plaintiff was in the exercise of due care and caution at the time of the accident, that the injury was caused by its negligence, and the amount of damages claimed.

The case was tried before a jury. When the testimony of both parties had been received and closed, defendant claimed that the issues tried permitted of no recovery except upon the theory that plaintiff's injuries were caused through the negligent starting of the train after it had come to a full stop and before she had had sufficient time in the exercise of due care to alight. Plaintiff at this time asked leave to amend

her complaint so as to charge that defendant was negligent in that it "either caused said train to be suddenly and violently started and jerked forward after the same had come to a full stop, or negligently and carelessly stopped said train so as to negligently and carelessly cause a sudden and violent jerk and motion of said train and said car, whereby the plaintiff was thrown with great force and violence upon the floor of said car and sustained the injuries hereinafter alleged." The court refused to permit this amendment and submitted the case to the jury for a special verdict. The verdict was so framed as to cover the two phases of the evidence under which plaintiff claimed the right to recover, and she offered the proposed amendment to conform the complaint to the proof. A verdict was returned by the jury as follows:

"(1) Did the train first come to a full stop just before the plaintiff left her seat? A. No. (2) Did the train first come to a full stop just after the plaintiff reached the door of the car? A. Yes. (3) Was the train suddenly started again just after it first came to a full stop and when plaintiff was at the car door and before she had sufficient time to alight from the car? A. No. (4) If you answer this question 'Yes,' then answer this question: Was the defendant guilty of negligence in so starting said train? (5) If you answer the fourth question 'Yes,' then answer this question: Was such negligence the proximate cause of the plaintiff's injury? (6) If you answer the third question 'No,' then answer this question: Was the train negligently stopped when it was first brought to a full stop? A. Yes. (7) If you answer the sixth question 'Yes,' then answer this question: Was such stoppage of the train just after the plaintiff reached the door the proximate cause of her injury? A. Yes. (8) Was the plaintiff guilty of any negligence contributing to her injury? A. No. (9) If the court shall finally determine that the plaintiff is entitled to recover, at what do you assess her damage? A. $3,000."

The evidence adduced by the plaintiff on the subject of defendant's negligence was substantially to the effect that as the train approached the depot platform plaintiff arose from her

seat after the brakeman had called out the station, walked to the front door of the car, standing with her hands against the door jamb; that the train stopped and then immediately and suddenly started and jerked forward, causing her, without any fault or neglect on her part, to fall to the floor. The defendant produced a large number of witnesses from among the persons who were riding in the coach at the time of the accident, those who were at the depot when this train arrived, and trainmen, including the engineer, the fireman, and the station agent. On the direct examination of these witnesses they testified, substantially, that as the train approached the station it gradually slowed down until it made its stop for unloading and loading passengers, and that it did not stop and then suddenly start up and jerk the coaches forward before coming to a full stop at the station. On cross-examination a number of these witnesses stated that, while the train was slowing down and before coming to a full stop at the station, there was a sudden jerk or jolt of the train and that this jerk or jolt caused plaintiff to fall. It was to meet this difference in the statements of the plaintiff's and defendant's witnesses, as to when and how the jerking and jolting of the train occurred, that plaintiff offered to amend her complaint by specifying either event as supporting the charge of negligence.

On April 14, 1905, the court heard the following motions on a stipulation between the parties that they might be heard and determined at that time as of the term: (1) Plaintiff's motion in renewal of her application to amend the complaint to conform its allegations to the proof. (2) Plaintiff's motion for judgment upon the verdict. (3) Defendant's motion to amend the verdict by striking out the answers of the jury to questions 6 and 7 of the special verdict. (4) Defendant's motion for judgment in its favor upon the verdict as amended pursuant to its motion respecting questions 6 and 7. The court refused to entertain a motion by plaintiff for a new trial in the event that defendant's motion to

strike out the answers to questions 6 and 7 was granted, or to allow plaintiff to file exception to the court's charge, holding that the stipulation to hear motions after the term did not cover a motion for a new trial, and that the proper foundation had not been laid to entitle plaintiff to file exceptions to the charge after the term had ended at which the action was tried. The court on June 3, 1905, denied plaintiff's motion to amend her complaint, her motion for judgment in her favor upon the special verdict as rendered by the jury, and for the damages found by them; and granted defendant's motion to amend the special verdict by striking out the answers to questions 6 and 7 and its motion for judgment in its favor upon the special verdict as so amended, and directed that judgment be awarded accordingly. Judgment was rendered and entered June 14, 1905, dismissing the action upon the merits and adjudging that defendant recover of the plaintiff the sum of $234.66, its costs and disbursements in the action. This is an appeal from such judgment.

For the appellant there was a brief by *Edward Morrisey,* attorney, and *Olin & Butler,* of counsel, and oral argument by *J. M. Olin.* To the point that there was no variance between the complaint and the proofs, or, if any, it was immaterial and plaintiff was entitled to amend as matter of right, they cited, besides cases cited in the opinion, *Ridenhour v. Kansas City C. R. Co.* 102 Mo. 270, 14 S. W. 760; *Hansberger v. Sedalia E. R., L. & P. Co.* 82 Mo. App. 566; *Texas & P. R. Co. v. Buckalew* (Tex.) 34 S. W. 165; *Foley v. Riverside S. & C. Co.* 85 Mich. 7, 48 N. W. 154; *Powell v. Hudson Valley R. Co.* 84 N. Y. Supp. 337, 339; *Bell v. Thomas,* 61 Wis. 267, 270; *Fox River Valley R. Co. v. Shoyer,* 7 Wis. 365; *Texas & P. R. Co. v. Cox,* 145 U. S. 593, 604; *Booth v. Langley Mfg. Co.* (S. C.) 29 S. E. 204, 205; *Smith v. Bogenschutz* (Ky.) 19 S. W. 667; *Gates v. Paul,* 117 Wis. 170; *Post v. Campbell,* 110 Wis. 378, 382.

For the respondent there was a brief by *Thomas S. Nolan*

and *H. H. Field,* attorneys, and *Chas. E. Vroman,* of counsel, and oral argument by *Mr. Vroman.* To the point that if the plaintiff, in the absence of a general allegation of negligence, relies upon and alleges in his complaint specific acts of negligence, he is confined in his recovery to the proof of such specific acts, they cited *Georgia B. Co. v. Henderson* (Ga.) 43 S. E. 698; *Louisville & N. R. Co. v. Wade,* 46 Fla. 197, 35 South. 863; *Chicago & A. R. Co. v. Vipond,* 101 Ill. App. 607; *Pennington v. Detroit, G. H. & M. R. Co.* 90 Mich. 505; *Albin v. Seattle E. Co.* 40 Wash. 51, 82 Pac. 145; *Wilson v. Chippewa Valley E. R. Co.* 120 Wis. 636; *McClellan v. Chippewa Valley E. R. Co.* 110 Wis. 326; *Turtenwald v. Wis. Lakes I. & C. Co.* 121 Wis. 65.

SIEBECKER, J. The negligence alleged by plaintiff, and upon which she relies to hold defendant liable, is that, after defendant's servants had announced the arrival of its train at Delavan and after it had come to a standstill, she "arose from her seat in said car and proceeded toward the forward . . . end thereof for the purpose of alighting therefrom, but before [she] had had a reasonable or sufficient time, in the exercise of ordinary care, to get off of said train and while she was proceeding to get off, using due care and caution, . . . said defendant, by its servants, agents, and employees so in charge of said train, suddenly, negligently, and carelessly, and without any warning or notice to this plaintiff, caused said train to be suddenly, rapidly, and violently started and jerked, whereby this plaintiff was thrown with great force and violence upon the floor of said car and sustained the injuries" as alleged. As above stated the evidence of the witnesses produced by the plaintiff is to the effect that, while plaintiff was standing near the car door ready to alight, the train stopped, and before she had left the car it suddenly and violently started forward with a jerk, causing her to fall to the floor. The witnesses produced by the defendant, some

twenty-odd in number, all agreed on direct examination in their accounts of the occurrences at the time of the accident. They all stated that the train did not stop and then suddenly and violently start forward with a jerk. A number of them testified that the train gradually slowed down its speed and came to a standstill at the depot platform in the usual manner and without any sudden jerk or jolt. On the other hand, a number of these witnesses, on cross-examination on this subject, stated that, after the train had slowed down its speed and before it stopped and while the plaintiff stood near the car door ready to alight, it suddenly started up and jerked forward, causing her to fall to the floor. The jury found by special verdict that the train was not brought to a full stop and then suddenly started up again, as stated by plaintiff's witnesses, and thereby causing her to fall, but that the train was negligently brought to a full stop and that such negligence was the proximate cause of the injury. From the evidence and the instructions of the court upon the issues submitted it is obvious that the jury negatived the fact that defendant negligently started up the train after it had come to a standstill, but found that the train, while slowly moving and just before stopping at the station, was suddenly started up and jerked forward.

The question arises: Is the plaintiff, under the complaint, entitled to judgment upon the verdict? It is clear from the allegations of negligence that liability is predicated upon the negligent management of the train in suddenly and violently starting it up while plaintiff was in the course of alighting from it. The specific allegation of fact that the train had come to a standstill before she arose from her seat is not an indispensable element to the alleged cause of action, which charges defendant with negligence in suddenly, rapidly, and violently starting and jerking the train. So far as defendant's negligence is involved under the allegation of the complaint it is immaterial whether this negligent management

of the train occurred immediately before or immediately after the train came to a stop. The cause of action alleged pertains to the negligent management of the train in the respect charged, when the plaintiff had reason to believe that she could safely proceed to alight from it. The situation presented is not within the rule which 'denies̄ a recovery where the party declares upon one cause of action and then seeks to recover upon a different one under the evidence, nor is it the case of a failure of proof in support of the one alleged.

It is contended that the defendant-had a right to assume that plaintiff relied upon this specific allegation of fact and, therefore, its testimony was restricted to showing that the train did not come to a stop and then suddenly start forward as claimed. The cause of action-alleged is broad enough to include negligence by a sudden starting up and jerking of the train either immediately before or after stopping, and the complaint gave defendant information of the scope of this claim of negligence, and, as shown above, included the negligence found by the jury. An examination of the record also discloses that defendant produced a very large number of witnesses who testified in full as to the slacking of the speed of the train as it approached the depot, with detailed particularity as to any sudden, rapid, and violent starting and jerking of the train in making the stop for this station, and the management of the train in bringing it to a full stop for passengers to alight. It is difficult to perceive how the proof could have been fuller in all its details and broader in scope to meet the allegation of negligence in the complaint as we view it. We find no justification for the claim that defendant did not fully litigate the issue thus made by the pleading. To permit plaintiff to recover upon the case found by the jury is not in contradiction of the alleged cause of action as established under all the evidence. True, the finding is contrary to a part of the evidence of plaintiff and of the witnesses called by her, yet this does not preclude a recovery if the verdict is

supported by evidence in the case.     As stated in *Hill v. West End St. R. Co.* 158 Mass. 458, 33 N. E. 582, in a case where the circumstances under consideration were very similar to the situation before us:

"The law recognizes the fact that parties, as well as other witnesses, may honestly mistake the truth, and requires juries to find the facts by weighing all the testimony, whatever may be the source."

Applying a rule of liberal construction to this pleading, with a view to substantial justice between the parties, we find no justification for the claim that there is a variance between the alleged cause of action and the proof. The following cases are in point: *Hill v. West End St. R. Co., supra; Scarry v. Metropolitan St. R. Co.* 81 N. Y. Supp. 284; *Strahlendorf v. Rosenthal,* 30 Wis. 674; *Matthews v. Baraboo,* 39 Wis. 674; *Leslie v. Wabash, St. L. & P. R. Co.* 88 Mo. 50; *Cincinnali, H. & I. R. Co. v. Revalee,* 17 Ind. App. 657, 46 N. E. 352; *Hicks v. Galveston, H. & S. A. R. Co.* 96 Tex. 355, 72 S. W. 835.

The determination of this question renders consideration of the other questions argued and submitted unnecessary. It may, however, be observed that, if it were necessary to amend the complaint to conform to the proof, it should have been permitted as requested, for it is very clear that, since all material questions were fully tried by the parties, defendant was not misled by the allegation of the complaint. *Cody v. Bemis,* 40 Wis. 666; *Aschermann v. Philip Best B. Co.* 45 Wis. 262; *Russell v. Loomis,* 43 Wis. 545; *McKinney v. Jones,* 55 Wis. 39, 11 N. W. 606, 12 N. W. 381; *Rosenberg v. Third Ave. R. Co.* 61 N. Y. Supp. 1052; *Foley v. Riverside S. & C. Co.* 85 Mich. 7, 48 N. W. 154.

From these considerations it follows that defendant's motion to strike out the answers to questions 6 and 7 of the special verdict should have been denied, and that plaintiff's mo-

tion for judgment upon the verdict as rendered by the jury should have been granted.

*By the Court.*—Judgment reversed, and the cause remanded with directions to enter judgment for plaintiff in accordance with this opinion upon the special verdict as rendered by the jury, and for further proceedings according to law.