GREENLEAF, Adm'r., v. THE DUBUQUE & SIOUX CITY RAILROAD COMPANY.

1. **Negligence:** WHEN A QUESTION FOR THE JURY. The case of *Greenleaf* v. *The Illinois Central R. R. Co.*, 29 Iowa, 14, holding that the question of negligence, when the facts are disputed, becomes a mixed question of law and fact, which must be left by the court to the jury, followed.

2. **Master and servant:** CONTRIBUTORY NEGLIGENCE. In an action against a railroad company for injuries received by an employee, it is held, that, if the employee exercised ordinary and reasonable care in the performance of the duties in which he was engaged, at the time of the injury, he was not guilty of contributory negligence.

3. —— DEFECTIVE MACHINERY: KNOWLEDGE BY EMPLOYEE. The servant does not, by simply remaining in the employ of his master with knowledge of defects in the machinery which he is obliged to use, assume the risks attendant upon such use. Such a result follows only where he remains in the master's service without objection or protest against the continuance of the defects.

Greenleaf v. The Dubuque & Sioux City R. R. Co.

4. —— NEGLIGENCE. The question of negligence, on the part of the employee in such case, is the same as in any other, a question of fact for the jury under all the evidence in the case.

*Appeal from Dubuque District Court.*

MONDAY, DECEMBER 18.

ACTION to recover damages alleged to have been sustained by the estate of Sidney S. Macy, in consequence of his death, occasioned, as is alleged, by the negligence and carelessness of the defendant, in whose service deceased was engaged as a brakeman. Jury trial. Verdict for plaintiff for $5,000. Motion for new trial overruled. Defendant appeals. The necessary facts are stated in the opinion.

*Crane & Rood* for the appellant:

I. The court erred in refusing to sustain defendant's motion for a verdict, and in refusing to give to the jury the thirteenth instruction asked for by defendant.

1. There is no conflict of evidence or controversy between the parties in relation to any material fact in the case, and, hence, the only questions to be determined, by any tribunal, are those of law, which, according to the rulings in this State, are for the court. *Muldowney v. The Ill. Cen. R. R. Co.*, 32 Iowa, 176.

2. The questions of law which dispose of this case are: 1st. Whether, on the 8th day of January, 1866, Macy knew the position of the spout, or had had reasonable opportunities to ascertain its position; and, 2d. Whether the defendant was guilty of negligence as to him in having the spout in that position.

We understand it to be an uncontroverted doctrine that, when an employee has worked with an instrument, or in the vicinity of a machine, a sufficient length of time to

enable him to ascertain and know all obvious and plain defects, the law conclusively presumes that he does know such defects.

* It is also well settled that, where an employee serves his employer with an instrument, or in the vicinity of a structure, possessing plain and obvious defects, known to the employee, or which the law conclusively presumes are known to him, as above observed, then it is a part of his contract with his employer, that he assumes every risk or danger which is incident to such defects (unless he is induced to enter or remain in the service by a promise or undertaking, on the part of the employer, to remedy them), as, to such an employee there is no negligence, on the part of the employer, in the use of such defective instrument or structure. See *Owen* v. *R. R. Co.*, 1 Lans. 108; *Priestly* v. *Fowler*, 3 M. & W. 1; *Seymour* v. *Maddox*, 5 Eng. L. and Eq. 265; *Dynen* v. *Leach*, 40 id. 491; *Williams* v. *Clough*, 3 H. & N. 258; *Alsop* v. *Yates*, 2 id. 768; *Griffiths* v. *Giddon*, 3 id. 648; *Potts* v. *Plunkett*, 7 Am. Law Reg. 560; Pierce on Railways, 294; *Hayden* v. *Manufacturing Company*, 29 Conn. 548; *Fifield* v. *R. R. Co.*, 42 N. H. 240; *Wright* v. *R. R. Co.*, 25 N. Y. 562; *Love* v. *R. R. Co.*, 10 Ind. 554; *Moss* v. *Johnson*, 22 Ill. 642; *Jewell* v. *R. R. Co.*, 46 id. 99; *Frazier* v. *R. R. Co.*, 38 Penn. St. 104; *McMillan* v. *R. R. R. Co.*, 20 Barb. 454; *Loonan* v. *Brockway*, 28 How. Pr. 472; *Hubgh* v. *R. R. Co.*, 6 La. An. 495; *R. R. Co.* v. *Barbour*, 5 Ohio St. 541; *McGlynn* v. *Broderick*, 31 Cal. 376; *Greenleaf* v. *R. R. Co.*, 29 Iowa, 14; *Buziell* v. *Manufacturing Co.*, 48 Me. 121.

The evidence shows that Macy had actual knowledge of the dangerous position of the spout, and there is no conflict on this point.

The evidence also shows that Macy had, for six weeks, been working in the day-time around the spout, and had many times performed the same duties as when he was

killed, in the same manner, and there is no conflict of evidence or controversy on these points.

Hence, in legal contemplation, Macy, having a reasonable opportunity to ascertain the position of the spout, was bound to known its position.

II. The court erred in refusing to give to the jury the second, third, fourth, fifth, sixth, seventh, eigth and ninth instructions asked for by defendant. See authorities cited *supra*, and, also, *McAunick* v. *R. R. Co.*, 20 Iowa, 845 ; *Wilds* v. *R. R. Co.*, 24 N. Y. 434 ; *Timmons* v. *R. R. Co.*, 6 Ohio St. 109 ; *Brown* v. *Maxwell*, 6 Hill, 594 ; *Gahagan* v. *R. R. Co.*, 1 Allen, 187 ; *Wyatt* v. *R. R. Co.*, 6 Best & S. 709 ; *Curran* v. *Manufacturing Co.*, 36 N. Y. 153 ; *Senior* v. *Ward*, 102 Eng. Com. Law, 385 ; *Todd* v. *R. R. Co.*, 3 Allen, 22 ; *Quinn* v. *R. R. Co.*, 51 Ill. 495 ; *Fay* v. *R. R. Co.*, 16 id. 178 ; *Gonxalles* v. *R. R. Co.*, 38 N. Y. 440 ; *R. R. Co.* v. *Henderson*, 43 Penn. 449 ; *Carroll* v. *R. R. Co.*, 13 Minn. 30 ; *Rath* v. *S. R. R. Co.*, 21 Wis. 256 ; *Burns* v. *R. R. Co.*, 101 Mass. 51 ; Shearm. & Redf. on Negl. (2d ed.), § 489, and notes, and § 40 and notes.

III. The court erred in giving to the jury the second, third and seventh paragraphs of its charge.

1. The rule given to the jury in the second and third paragraphs, we insist, is not the law.

If Macy knew the position of the spout, his contract with defendant was that he would assume the dangers incident to the *performance of the very duty* he was engaged in when killed, for he was employed to do that duty. The real *danger* always was that forgetfulness would prevent precaution. What other danger could there have been ?

The rule laid down by the court at once practically overturns the fundamental doctrine that the employee assumes the risk when he knows of it, because it holds that the matter of assuming the risk is a mere question of fact for the jury.

2. The seventh paragraph was incomplete, and misled the jury, and, hence, erroneous.

The court told the jury that they should have regard to and consider the facts therein referred to, but nowhere instructed them what effect or influence an affirmative finding thereon must have on their verdict. See *Muldowney* v. *I. C. R. R. Co.*, 32 Iowa, 176.

In the second paragraph the court told the jury that, if they found Macy's "attention was concentrated upon this part of his duty, in obdience to the direction of his superior officer," etc., this would, in law, excuse his forgetting the position of the spout.

This having been given to the jury as the law of the case, it was the duty of the court to direct the jury what effect or influence on their verdict a contrary finding must have, which the court did not do. See *Muldowney* v. *R. R. Co.*, *supra*.

*H. B. Fouke* and *O. P. Shiras*, for the appellee.

Brief not found on file.

DAY, Ch. J.—I. Upon the conclusion of the evidence, the defendant filed a motion, requesting the court to direct the jury to find a verdict for the defendant, upon the ground that "the evidence will not authorize, or warrant, the jury to find a verdict for the plaintiff." This motion was overruled. The defendant excepted and assigns the ruling as error. The motion was properly overruled. The evidence tended to establish the following facts: Sidney S. Macy was in the employ of the defendant as brakeman. On the 8th day of January, 1866, at Ackley station, he was standing on top and near the center of a box car on defendant's road, with his back toward the water-spout, watching for a signal from the conductor to be communicated to the engineer, and, as the train moved forward, he was knocked from the

*1. NEGLIGENCE: when a question for the jury.*

top of the cars, by his head coming in contact with the spout of the water-tank. He fell upon the track, with his feet on the outside and his head and shoulders on the inside, and, while in this position, the five rear cars of the train passed over his body, killing him instantly. Owing to the length of the chain attached near the top of the water-spout, to bring it back to the building when not used, the spout extended eighteen inches further over the track and hung a foot lower than such spouts usually do. It hung so low that a man, standing on the top of the box cars, was obliged to stoop down to avoid it. The plaintiff knew of its condition before the accident occurred. Under this testimony the question of defendant's liability was properly submitted to the jury. See *Greenleaf* v. *The Illinois Central R. R. Co.*, 29 Iowa, 14.

II. Appellant insists that the court erred in refusing to give the second, third, fourth, fifth, sixth, seventh, eighth 2. MASTER AND and ninth instructions asked by defendant. SERVANT: contributory The second instruction is as follows: "If you negligence. find from the evidence that, at the time said Macy was injured, he was riding on defendant's cars, from near the depot toward the water-tank where said injury occurred; and that he was knocked off the cars by the spout of said tank; and that he could have avoided a collision with said spout, by stooping or moving to either side of said car, and still perform his duty; and that he did not so avoid said spout, then he was negligent, and you must find for the defendant." This instruction was rightly refused. It requires too great a degree of care and circumspection. It makes no allowance for the ordinary imperfections of humanity. It requires absolute perfection of attention to surroundings, while the mind is concentrated upon a particular duty. So high a degree of caution the law does not enjoin. It requires only the exercise of reasonable and ordinary care. And this consists in the doing of

nothing which a man of reasonable caution and prudence would not, do, and in the omitting to do nothing which a man of such prudence and caution would under the circumstances do. The fourth, fifth and sixth instructions are substantially the same as the second, and were properly refused.

The third instruction is as follows: "If you find from the evidence that the spout of said water-tank, mentioned in plaintiff's petition, was in an unsafe and dangerous position; and that said Macy knew, or had a reasonable opportunity to inform himself, that said spout was in an unsafe or dangerous position, then he is to be presumed, by remaining in defendant's employ, to have accepted the risks arising therefrom, and plaintiff cannot recover, in this action, for any injury to said Macy, on account of said spout being in such unsafe or dangerous position." The seventh, eighth and ninth instructions are, substantially, the same. These instructions were rightly refused. They lack an essential element. The servant does not, by simply remaining in the employ of his master, with knowledge of defects in the machinery which he is obliged to use, assume the risks attendant upon the use of such machinery. Such results follow, only, when he remains in the master's service without objection or protest against the continuance of the defects. See *Kroy* v. *Chicago, R. I. & P. R. Co.*, 32 Iowa, 357, and authorities cited.

*3. — defective machinery: knowledge by employee.*

III. It is claimed by appellant that the court erred in the 2d, 3d and 7th paragraph of its charge. The third paragraph of the charge of the court is as follows: "It is claimed by defendant that Macy knew the dangerous condition of the spout, and should have so acted as to avoid striking the same, and that, failing to do so, he was guilty of contributory negligence. The question of negligence is for the jury to decide under all the evidence in the case, even if it appeared that Macy

*4. — negligence.*

knew the dangerous condition of the spout. While it is a circumstance to be taken into consideration by you, it is not necessarily a decisive one. If the service to be performed by Macy was of a character to require that his exclusive attention should be fixed upon it, and that he should act with rapidity and promptness, it could hardly be expected that he should always bear in mind the existence of the defect, or be prepared, at all times, to avoid it. Taking all the facts into account, it is for you to determine whether Macy was guilty of such negligence as contributed directly to his death. If you find that he was not guilty of such negligence, and that the accident was caused by the neglect of the defendant, then your verdict should be for plaintiff." Substantially the same principle is involved in the second paragraph. These instructions are in accord with our views. They are in substance and effect, though not in language, the opposite of those asked by defendant, and which, we have held, were rightly refused. They present a wise and humane view of the law, and, if they were altogether without precedent, their justness and reasonableness would commend them to our favorable consideration. They are, however, not without support from adjudged cases. See *Snow* v. *Housatonic R. R.*, 8 Allen, 441.

IV. It is claimed by appellant that the seventh paragraph of the charge of the court is incomplete and that it misled the jury. It is as follows : " If you find from the evidence that defendant was guilty of negligence contributing to the accident, you will inquire whether the deceased was, also, guilty of negligence or a want of ordinary care under the circumstances. In considering the question of negligence, on the part of Macy, you will have regard to all the circumstances of the case, whether or not he knew the condition of the spout mentioned by the witnesses, and, if so, whether he could have avoided the spout by stooping, or change of position, and if he knew the condi-

tion of the spout, whether Macy was guilty of negligence in continuing to perform the duties required of him." It is objected to this instruction that the court told the jury that they should have regard to and consider the facts therein referred to, but nowhere instructed them what effect or influence these facts, if found to exist, should have upon their verdict. And reference is made to *Muldowney* v. *Ill. Cen. R. R. Co.*, 32 Iowa, 176. That case differs from this in two essential respects:

1. In that case the court refused, when specifically requested by the defendant, to instruct the jury, that to entitle the plaintiff to recover she must prove that her intestate was not guilty of negligence which contributed to the injury. No such specific request appears to have been made in this case.

2. In this case the court instructed the jury that to entitle the plaintiff to recover, the jury must be satisfied, by a preponderance of evidence, that Sidney S. Macy was, at the time of the accident, exercising ordinary care and prudence to save himself from injury. No such instruction was given in that case. An instruction the same in effect, and almost identical in language, with the one refused in that case, was given in this. The case, therefore, is no authority for the position assumed.

We have thus examined all the errors insisted upon in appellant's argument, and find nothing in the record demanding a reversal of the cause.

Affirmed.