Baldwin v. The St. Louis, Keokuk & Northwestern R'y Co.

## BALDWIN v. THE ST. LOUIS, KEOKUK & NORTHWESTERN RAILWAY COMPANY.

1. **Contributory Negligence: WHAT IS NOT: PERSONAL INJURY.** In an action for a personal injury, the plaintiff cannot be deemed to have been guilty necessarily of contributory negligence, merely because danger might have been seen by him, and avoided if seen; (*Greenleaf v. Dubuque & S. C. R'y Co.*, 33 Ia., 52;) for something depends upon the duty which the plaintiff was discharging, and something upon the obviousness of the danger.

2. **Special Verdict Contrary to Evidence: GROUND FOR NEW TRIAL.** When a special interrogatory inquires about an important, but not necessarily determinative, fact, and the answer of the jury is contrary to the evidence, a fair trial cannot be presumed to have been had, and a new one should be granted.

3. **Railroads: LIABILITY FOR PERSONAL INJURY BY CO-EMPLOYE: INSTRUCTION TOO BROAD.** In an action against a railroad company, it would have been error for the court to give to the jury the unqualified instruction that "the defendant is not liable to the plaintiff for the negligence of its other servants and employes."

### *Appeal from Lee District Court.*

### WEDNESDAY, APRIL 9.

ACTION for a personal injury alleged to have been sustained by the falling of a pile of lumber owned by the defendant and piled by it on its premises. The plaintiff was employed by the defendant as a carpenter in building a round house. A short distance from this house were two piles of lumber, which were so near each other as to be in contact. The two piles are described by the plaintiff in his testimony as "a small pile and a larger one." The plaintiff and another carpenter, while engaged in their duties, were taking a stick of timber from the small pile, when a portion of the large pile fell and caused the injury of which the plaintiff complains. The plaintiff avers in substance that the defendant was guilty of negligence, in that it constructed the pile so as to be dangerous, and allowed it to remain so. There

was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Anderson Bros. & Davis* and *Geo. F. Hatch,* for appellant.

*Browne & Browne,* for appellee.

ADAMS, J.—I. The defendant denied all negligence upon its part, and averred that the plaintiff was guilty of negligence which caused the injury.

The alleged defect in the construction of the pile that fell consisted in using cross-strips of insufficient length. The pile consisted of three tiers of timber. Precisely how long the cross strips were is not shown. They were long enough, as we infer, to pass through the middle tier and reach into the outside tiers, but not long enough to reach through the outside tiers. The disturbance of the small pile, by taking a stick of timber therefrom, either removed, as we infer, a needed support from the larger pile, or jostled it. The defendant insists that the plaintiff saw, or should have seen, in the exercise of reasonable care, how the pile was constructed, and that, if such was the fact, he was guilty of contributory negligence. In the determination of the fact, it becomes an important inquiry as to whether there was anything to prevent the plaintiff from seeing how the timbers were piled. On this point the other carpenter who was working with the plaintiff was examined as a witness, and testified in these words: "There was nothing to prevent anyone that was working there from seeing how they were piled." No witness testified to the contrary. When the case was submitted to the jury, a special interrogatory was propounded as follows: "Was there anything to prevent the plaintiff from seeing the manner in which the timbers were piled?" To this interrogatory the jury answered, "Yes." This finding was not only unsupported by the evidence, but directly contrary to the evidence. A motion for a new trial

was made upon this ground, but overruled. The defendant assigns the overruling as error.

In an action for a personal injury, the plaintiff cannot be deemed to have been necessarily guilty of contributory neg-

1. CONTRIBU-
TORY negli-
gence: what
is not: per-
sonal injury.

ligence if the danger might have been seen, and avoided if seen. *Greenleaf v. Dubuque & Sioux City R'y Co.*, 33 · Iowa, 52. Somewhat depends upon the duty which the injured person was discharging, and somewhat upon the obviousness of the danger.

The fact inquired about was not, then, necessarily of a determinative character. It was nevertheless a very important

2. SPECIAL
verdict con-
trary to evi-
dence:
ground for
new trial.

fact. It should properly have had a large influence. The jury excluded it from their consideration by finding contrary to the fact. In view of its importance, as we look upon the case, we feel constrained to say that we do not think that the defendant had a ·fair trial, and that the motion for a new trial should have been sustained.

II. One other question is presented which may arise upon another trial, and which accordingly calls for a determination.

The defendant asked for an instruction in these words: "The defendant is not liable to the plaintiff for the negli-

3. RAILROADS:
liability for
personal in-
jury by co-
employe: in-
struction too
broad.

gence of its other servants and employes; accordingly, if you find that the plaintiff was injured by reason of the negligence of his fellow servants or fellow employes, then he cannot recover." The court refused this instruction, and the refusal is assigned as error.

If there was any negligence in the manner in which the timber was piled, it was doubtless the negligence of some one who might be denominated an employe.

The first part of the instruction, it appears to us, is objectionable. It would preclude a recovery by an employe of a corporation for the negligence of any other employe, of whatever grade he might be. The last part of the instruc-

tion, respecting the negligence of a co-employe, might, we think, properly enough have been given, but the instruction as a whole, we think, could not be, and we think that the court did not err in refusing it.

We do not feel called upon, as the case is now presented to us, to attempt to point out precisely who would be a co-employe in such a case as this, as distinguished from an employe of a higher grade. The evidence may be different upon another trial, and it is impossible, therefore, to anticipate the precise question which may arise.

For the error pointed out under the first division of the opinion, we think that the judgment must be

REVERSED.