## DANIEL FOLEY v. THE RIVERSIDE STORAGE & CARTAGE COMPANY (LIMITED).

*Negligence—Pleading—Amendment of declaration—Negligent driving—Requests to charge.*

1. The declaration in a negligence case averred that plaintiff was struck by the horses and truck of the defendant, and thereby thrown upon the ground and injured, but failed to aver that the truck wheel ran over plaintiff's leg, which fact was shown by the evidence. And it is held that it was the duty of the court to permit an amendment of the declaration to meet such proof.

2. Requests to charge by a defendant, predicated upon isolated portions of the testimony in support of his theory of the case, and assuming the truth of controverted facts, are properly refused.

3. This case is ruled by *Boick v. Bissell*, 80 Mich. 260, and *Lazell v. Kapp*, 83 Id. 36; and the question of defendant's negligence was very properly left to the jury under clear and explicit instructions from the court.

Error to Wayne.    (Hosmer, J.)    Argued January 21,
1891.  Decided February 27, 1891.

Negligence case.    Defendant brings error.    Affirmed.
The facts are stated in the opinion.

*Bowen, Douglas & Whiting,* for appellant, contended:

1. It was the duty of the plaintiff to prove by a preponderance of
   evidence, not only negligence on the part of defendant, in
   which we say the proofs entirely fail, but that this negligence
   was the *sole* cause of the injury; citing *Mynning v. Railroad
   Co.,* 59 Mich. 257; *Brezee v. Powers,* 80 Id. 172; and any con-
   tributory negligence of the plaintiff, however slight, precludes
   his recovery; citing *Balle v. Leather Co.,* 73 Mich. 158.
2. Where a person is injured while unnecessarily standing in a
   place which he knows to be dangerous, he is guilty of con-
   tributory negligence; citing *Billings v. Breinig,* 45 Mich. 65;
   *Cook v. Johnston,* 59 Id. 437; *Schoenfeld v. Railway Co.,* 74
   Wis. 433; and absence of mind or failure to use one's senses to
   avoid danger is negligence; citing *Railroad Co. v. Miller,* 25
   Mich. 274; *Kelly v. Hendrie,* 26 Id. 256.

*Brennan & Donnelly,* for plaintiff, cited the cases held
in the opinion to rule the case.

McGRATH, J.    This was an action on the case for
negligence.    Plaintiff had charge of a truck, and defend-
ant's truck was in charge of a servant, one Crozier.

The Wabash Railroad freight-house at Detroit extends
along the river front, about 40 feet distant from the edge
of the wharf, and this 40 feet is a covered way, and is
used for the temporary storage of freight as well.    On
the day in question plaintiff drove in upon this way
from the east, passing defendant's truck, which was dis-
charging freight at one of the freight-house doors, and
stopped about 150 feet west of defendant's truck.    Plaint-
iff's claim is that at this point he unloaded a single box
of freight, which he placed in the warehouse, and then
returned to the south side of his truck, and, while there

engaged in removing a half-barrel of sugar from the rear and southerly side of his truck to the front thereof, he was struck by defendant's truck, which was being driven past where he then stood, and knocked down, one of the rear wheels of defendant's truck passing over one of his legs, seriously injuring it. At the time of the injury the north side of plaintiff's truck was about 7 feet from the wall of the freight-house, and the south side of his truck was about 28 feet distant from the edge of the wharf. Plaintiff testified that he had no knowledge of the approach of defendant's truck, and did not see or hear it coming. The defendant insisted that it was customary to unload from the freight-house side of the truck; that plaintiff was negligent, in that at the time of the accident he was in fact unloading the box of freight, which weighed about 150 pounds, on the southerly side of his truck, and, as defendant's truck was being driven by, plaintiff stepped back before the hind wheel of defendant's truck, and was struck, and turned round, and fell to the ground, and the box which he was handling fell upon his leg, inflicting the injury. Testimony was introduced to show that defendant's truck was at the time of the collision three or four feet from plaintiff's truck; that the approach of the truck was accompanied with considerable noise, and that plaintiff must have seen and heard its approach; and it was urged that he was guilty of negligence in not avoiding the collision.

After the close of all the proofs defendant asked the court to direct a verdict for the defendant on the ground that the allegations in the declaration were insufficient; that there was no allegation in the declaration that plaintiff had been run over by defendant's truck. The declaration alleges that—

"The said horses and truck of the said defendant then and there ran and struck with great force and violence

the said plaintiff, and thereby the said plaintiff was then and there cast and thrown with great force and violence to and upon the ground; and by means of the said several premises aforesaid the said plaintiff was then and there greatly bruised, hurt, and wounded, and his leg and foot fractured and broken."

Thereupon, at plaintiff's request, the court permitted plaintiff to amend, by inserting after the words "to and upon the ground" the following, "and the wheel of said truck ran over his leg." The defendant excepted, and the first error assigned is the allowance of the amendment. This was not error. No claim of surprise was made, and not only had the court full power to permit the amendment under the statute of amendments, but it was his duty so to do.

Other assignments of error relate to the refusal of the court to give certain of defendant's requests, which were predicated upon isolated portions of the testimony in support of defendant's theory of the case. To illustrate, error is assigned because of the refusal of the court to give the following:

"The testimony is undisputed that a truck, with horses moving, as defendant's truck did, made a noise which could be heard for a distance of from 100 to 200 feet. If, therefore, the jury believe that a man standing in the same position as plaintiff stood, with fair hearing, could have heard a team approaching, then plaintiff was guilty of contributory negligence in starting or continuing to remove freight from his truck, or to move freight on his truck, on the river side of said truck, and cannot recover."

It does not follow that if plaintiff had heard the approach of the truck he was bound to assume that Crozier, with 18 feet of a drive-way, would drive over plaintiff. Again, this request assumes that plaintiff was removing the box from the south side of his truck, while plaintiff insisted that he was not. This request was properly refused, as were others similar in character.

The other requests presented by defendant, upon the refusal to give which error is assigned, ask the court to direct the jury that unloading goods from the river side of the truck was negligence; that it was plaintiff's duty to look out for passing teams, and, failing so to do, he was negligent; and that, if defendant's truck was driven at a distance of three or four feet from plaintiff's truck, defendant's servant was not guilty of negligence. These requests were properly refused. The court instructed the jury that—

"One who has been damnified, even by the negligence of another, cannot recover unless he himself is free from fault, unless he himself is not guilty of contributory negligence; that is to say, gentleman of the jury, unless he himself is free from any act of carelessness, without which carelessness on his part the accident would not have happened."

Again, the court says:

"You must find that the plaintiff himself was free from any act of carelessness which contributed to the accident."

Again, he says:

"Any injury to the plaintiff, even though the act of Crozier in driving might have been the efficient cause of the injury, will not entitle the plaintiff to recover, if by using ordinary care he might have escaped being injured; and the burden of proof is upon the plaintiff not only to show negligence on the part of the defendant's servant in driving the truck, but also a want of negligence—freedom from negligence—on the part of plaintiff himself."

This case is ruled by *Boick v. Bissell*, 80 Mich. 260, and *Lazell v. Kapp*, 83 Id. 36. In each of those cases the plaintiff was at the time of the injury in a public highway; but here plaintiff was in a private way, where there was not only less travel, but less rapid travel, and therefore a lower degree of care or diligence on plaintiff's

part would be required. The questions of negligence were very properly left to the jury under clear and explicit instructions from the court.

The judgment below is affirmed, with costs of both courts.

The other Justices concurred.