ANDA *v.* CHICAGO, DULUTH & GEORGIAN BAY TRANSIT CO.

1. CARRIERS—DUTY OF STEAMSHIP CO. TO NOTIFY PASSENGERS OF
PROPER WAY TO STREET.

It was the duty of a steamship company, in landing its
passengers at a coal dock, to bring to their notice the
proper way to the street and to see that such way was
reasonably safe, but it was not required to protect them
from the unforeseen acts of third persons.[1]

2. SAME — IN ABSENCE OF NOTICE PASSENGERS MAY USE ANY
REASONABLE WAY.

In the absence of notice from a steamship company to
its passengers as to the proper way to proceed to the
street from a coal dock on which they were landed, a
passenger had a right to use any path or way which
reasonably appeared to be designed and used as a way
to the public street.[2]

3. SAME—DUTY OF STEAMSHIP CO. TO USE CARE COMMENSURATE
WITH ANTICIPATED DANGER.

If a steamship company, from existing conditions, should
have anticipated that injury might come to a passenger
in using the way from the dock to the street, through
the negligence of a third person, then it was its duty
to exercise a degree of care commensurate with such fore-
seen danger.[3]

4. SAME—ORDINARY CARE REQUIRED OF CARRIER AS TO STATIONAL
FACILITIES AND APPROACHES.

The high degree of care exacted of carriers in conveying
passengers does not extend to stational facilities and ap-
proaches, but as to such they are required to use ordinary
care, in view of dangers reasonably to be apprehended.[4]

5. SAME—CARRIER NOT LIABLE FOR NEGLIGENCE OF THIRD PERSONS
NOT REASONABLY TO BE ANTICIPATED.

Where there was no inherent defect in the way to the
street from a coal dock on which steamship passengers

---

[1]Shipping, 36 Cyc. p. 338 (Anno); [2]Id., 36 Cyc. p. 338 (Anno);
[3]Id., 36 Cyc. p. 338 (Anno); [4]Carriers, 10 C. J. §§ 1337, 1338, 1341.

were landed, and a passenger in traversing a path by the side of said way was struck and injured by a motor truck which left the roadway through the negligence of a third person, the steamship company was not liable therefor, it not being a danger which should have been reasonably anticipated by it.[5]

Error to Chippewa; Fead (Louis H.), J.    Submitted April 15, 1925.    (Docket No. 83.)    Decided July 16, 1925.

Case by Elvira Anda against the Chicago, Duluth & Georgian Bay Transit Company and others for personal injuries.    Judgment for defendants *non obstante veredicto*.    Plaintiff brings error.    Affirmed.

*Thomas J. Green* (*Frank P. Mies* and *Norman A. Beck*, of counsel), for appellant.

*E. S. B. Sutton* and *Gardner, Foote, Burns & Morrow* (*Walter M. Fowler* and *Addison L. Gardner, Jr.*, of counsel), for appellee transit company.

WIEST, J.    In August, 1922, plaintiff, then 29 years of age, purchased passage on the steamer North American from Chicago to Duluth and return.    She was accompanied by her mother and sister.    On the trip down from Duluth it was announced that a stop would be made at Sault Ste. Marie for an hour and passengers might go ashore.    The steamer tied up at the Kemp coal dock in Sault Ste. Marie about 5 o'clock p. m., the 11th of August, 1922, to take on fuel, the gang plank was placed to let passengers go ashore, and plaintiff, her mother and sister left the vessel and, following some of the other passengers, passed safely over tracks, by fuel piles and down a plank from the dock to the ground where a team road

[5]Shipping, 36 Cyc. p. 338 (Anno).

or way came to the dock from a public street.   Along the side of this way was a narrow path, about two feet removed from the drive of the roadway, and plaintiff, with her mother ahead, her sister next and she in the rear, in single file, walked along the path toward the street, following the crowd.   While so proceeding a Ford truck, owned by defendants McKay and McDowell, came down the driveway from the street at a high rate of speed, deflected from the drive, and struck and severely injured plaintiff.   This suit was brought against the Chicago, Duluth & Georgian Bay Transit Company, owner of the steamship North American, the Kemp Bros. Coal Company, having control of the fuel dock, and McKay and McDowell, owners of the truck.   At the trial the court discharged the Kemp Brothers and submitted the issues against the transit company and McKay and McDowell to the jury.   Verdict was rendered against the transit company for $17,916, and not guilty as to McKay and McDowell.   Upon reservation of a motion to direct a verdict in favor of the transit company, the question was later presented of the right of the transit company to judgment *non obstante veredicto.*   The circuit judge, notwithstanding the verdict, entered judgment in favor of the transit company.   Plaintiff brings the case here by writ of error.

No error is assigned to the judgment, rulings or charge of the court as to the other defendants.

Plaintiff was struck while she was at a point outside of the driveway and in a place of safety had not the truck left the drive.   Was it negligence for defendant transit company to permit passengers to leave the vessel at the fueling dock and proceed across the dock, the tracks and fuel thereon, to a way used by trucks and teams, and along the side thereof to reach the public street?   The character of the dock, with tracks thereon and fuel piled, was apparent to

plaintiff and she safely passed over and by the same.

When the vessel tied up at the coal dock and landed passengers it was the duty of defendant transit company to bring notice to plaintiff of the proper way to the street and, in the absence of such notice or direction to proceed in a particular way, plaintiff had a right to use any path or way which reasonably appeared to be designed and used as a way to the public street, and it was the duty of defendant transit company, in such event, to see that such way was reasonably safe.   Defendant transit company, however, was not required to protect plaintiff from the unforeseen acts of third persons.   There was no inherent defect in the way over which plaintiff was going to the street, neither was her use of such way shown to have been perilous by reason of surroundings.   Except for the unusual tort committed by the truck driver she would not have been injured.

The applicable rule in this case is:  If the transit company, from existing conditions, should have anticipated that injury might come to a passenger in using the way from the dock, through the negligence of a third person, then it was its duty to exercise a degree of care commensurate with such foreseen danger.   The evidence, however, does not bring the operation of the rule to this case.   What process of reasoning will bring a finding that the carrier should reasonably have foreseen that a truck might leave the road and run over a person walking in the path outside of the road?   In the country it is common for persons to walk in the road and also along the side of the wrought part thereof, and it is considered safe to do so.

Plaintiff saw the truck, knew she was out of the road, had a right to believe she was in a place of safety, and was in a safe place if ordinary use of the way had prevailed.   To hold the transit company

liable for the consequences of the tort of the truck driver would extend its liability to that of an insurer, and no authority sanctions such an adjudication. Plaintiff was not placed in danger by reason of any obstruction or defect in the way, nor was the way one bringing her into a zone where such an unusual accident or injury, occasioned by a tortious act of a third person, should have been reasonably anticipated by the carrier.

The high degree of care exacted of carriers in conveying passengers does not extend to stational facilities and approaches. Ordinary care, in view of dangers reasonably to be apprehended, is the rule with reference to stations and approaches. *McCormick* v. *Railway Co.,* 141 Mich. 17; *Davis* v. *Railroad Co.,* 292 Ill. 378 (127 N. E. 66, 10 A. L. R. 254) ; 2 Hutchinson on Carriers (3d Ed.), § 941.

In *Brooks* v. *Railroad Co.,* 168 Mass. 164 (46 N. E. 566), a passenger, while waiting on a station platform to take a train, was injured by a runaway horse. The court said:

"There is no doubt of the duty of a railroad company to use all such means and precautions as are reasonably practicable for the protection and safety of its passengers, not only from the negligence or misconduct of its own agents and servants, but also of other passengers, and of other persons who are not passengers. * * *

"The test of defendant's responsibility for this accident is whether the defendant was reasonably bound to anticipate that such a thing might happen, and to take some special precautions against it.

"The accident arose from a cause wholly outside of the operations of the defendant. The plaintiff was not in a car, but on the platform. The horse was not in the defendant's care or use, and did not run away in consequence of anything done by the defendant. If the horse had run upon the sidewalk of Tremont street and hurt persons traveling thereon,

nobody would have thought of seeking to hold the city responsible. The rule requiring peculiar care of carriers of passengers is to be applied with reference to the circumstances. When passengers are on board a steamboat or a railroad car, of which the carrier has the exclusive management and control, the duty of the carrier has reference to that state of things. When passengers are on a wharf or landing place, or on the platform of a railroad station, which is usually an open and almost a public place, to which others than passengers and servants of the carrier are accustomed to have free access, the duty of the carriers has reference to that state of things. It is well known that it is not the custom to fence in railroad platforms for passengers at way stations. All through the Commonwealth they are often so arranged as to allow horses with carriages or wagons to come close up to them. It is made easy for passengers and others to come upon or to leave these platforms. * * *

"No case has been called to our attention where, under such circumstances, a carrier has been held responsible to one who, though a passenger, was upon the platform or landing place, and was hurt from a cause of this kind, arising entirely outside of the operations of the carrier."

This accident was occasioned by the truck leaving the roadway. The truck driver apparently lost control of the truck. The accident was so out of the ordinary that we cannot say the danger to plaintiff was one the transit company, within reason, should have anticipated and have warned her or have prevented passengers from proceeding to the street upon the path along this drive. We must hold that the proximate cause of the accident was the carelessness of the truck driver and, in point of law, there was no causal connection between the act of the defendant in landing plaintiff at the coal dock and the wrongful act of the truck driver.

The learned circuit judge was right in entering judgment. This result renders it unnecessary to

pass upon defendant's motion to dismiss the writ of error.

The judgment is affirmed, with costs to the transit company.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.