## REEDY v. GOODIN.

1. Trial—Hearing by Court Without a Jury—Questions of Fact.
   In a personal injury case heard by the trial court without a jury whether there was a question of fact to be determined is the same as if there were a jury and the same rules govern a consideration of the facts as would govern a jury.

2. Appeal and Error—Finding of Fact by Court Sitting Without a Jury—Evidence.
   Findings of trial court, sitting without a jury, upon all controverted facts in personal injury case *held*, supported by testimony.

3. VERDICTS AND FINDINGS—FINDINGS OF COURT SITTING WITHOUT A JURY.

It is for the trial judge to determine the credibility of the testimony and its sufficiency where he hears an action at law without a jury.

4. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—GASOLINE PUMP REPAIRMAN.

Question of contributory negligence of plaintiff, a gasoline pump sales and repairman, who was engaged in repairing a pump when injured by defendant's truck at a filling station in a private way where travel was less and slower than on a highway, *held*, for determination by trial court, sitting without a jury, as question of fact, since plaintiff was where he had a right to be and was attending to his business which directed his attention elsewhere than observing possibility of danger from operation of the truck.

5. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.

Contributory negligence is ordinarily a question of fact for the jury, if there is one, unless the evidence so plainly and clearly establishes such contributory negligence that no reasonable man could come to any other conclusion.

6. SAME—ORDINARY CARE—DEFINITION.

Ordinary care is the care which an ordinarily prudent person would exercise under the same or similar circumstances and is usually a question of fact.

7. SAME—WAIVER—ASSUMPTION OF RISK.

One may impliedly waive his right of action against another for negligence by voluntarily assuming the risk and he may not recover against another even though such other person is negligent if his injury results from his own voluntary wrong.

8. AUTOMOBILES — GASOLINE PUMP REPAIRMAN — TRUCKS — NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.

In action by gasoline pump repairman against owner and driver of a tandem truck for injuries received when plaintiff's leg was run over by front wheel of truck as he was crouching near the ground repairing a pump at right and in front of truck which was filled from another pump at side of truck, question of defendant's negligence in failing to observe plaintiff at work repairing pump and plaintiff's contributory negligence in failing to observe possible danger from operation of truck

after tank was filled *held*, for determination of court as question of fact and its findings for plaintiff supported by evidence.

Appeal from Allegan; Miles (Fred T.), J. Submitted June 9, 1938. (Docket No. 57, Calendar No. 40,100.) Decided October 3, 1938.

Case by Richard J. Reedy against Ray Goodin for personal injuries sustained when struck by a truck while repairing a pump at a gasoline filling station. Judgment for plaintiff. Defendant appeals. Affirmed.

*Linsey, Shivel, Phelps & Vander Wal,* for plaintiff.

*Marvin J. Schaberg,* for defendant.

Potter, J. Plaintiff sued to recover damages for personal injuries alleged to have been caused by defendant's negligence. On trial before the court without a jury, judgment was rendered for plaintiff, and defendant appeals.

October 8, 1937, plaintiff was engaged in the business of selling and repairing gasoline pumps used by service stations. He was called to repair a pump at a station owned by Westgate & Reynolds located about a mile east of the city of Holland, on the north side of M-21. He arrived there about 2 p.m. and was injured at 5 p.m. Plaintiff claims from the time he began repairing the pump, shortly after his arrival, until the time of his injuries he did not leave the proximity of the pump upon which he was working and that his tools were on the island on which the pump was located.

The service station building is located about 90 feet from the north line of the concrete pavement

as it intersects the west end of the driveway. The two gasoline pumps are located on two concrete islands southerly from the building. The pumps are not in a direct line with each other. The island upon which the westerly pump is located is approximately 2 feet southerly from the island upon which the easterly pump is located. The width of the inner drive, the drive between the service station building itself and the pumps, is 11½ feet. The outer drive extends practically to M-21, a distance of about 44 feet. The island upon which the westerly pump is located has an overall length of approximately 6 feet and 6 inches and a width of 30 inches. The pump rests on the island and the base is 21 inches east and west by 18 inches north and south. The distance between the base of the pump and the southerly side of the island varies from 7 to 8½ inches. The island itself is 10 inches above the ground. Between the westerly pump and the southerly driveway of the filling station, there is a ridge or shelf between 7 and 8½ inches in width and about 10 inches above the ground. It was upon or near this ridge that plaintiff was working at the time he was injured. The distance between the two cement bases is 3 feet and 7 inches and the distance between the two pumps between 7 and 8 feet. The surface of the driveway at this filling station is gravel.

Defendant was the owner and driver of a Ford model tandem truck. Shortly before 5 p.m. he drove this truck into the station from the east and entered and stopped in the outer drive at the east pump for gasoline. The truck was heavily loaded.

Plaintiff had removed part of the jacket from the westerly pump to repair it and was replacing the jacket on its west side. He had fastened a bolt at the top and bent down, with one foot on the island

and the other up against the island on its south side, and was in the act of replacing a bolt about 10 inches above the cement base, holding it with his left hand on the outside of the jacket and adjusting a burr with his right hand on the inside of the jacket, at the time of the injury complained of. Plaintiff testified that as he reached down to pick up the bottom bolt he looked to the east and saw defendant's truck about 6 feet away standing still and did not notice anybody in the cab. His body was about 3½ feet above the ground, in a stooping position which he had assumed, and extended into the driveway about 1 foot. He was struck about a minute later while looking in the direction of his work.

Defendant's truck was stopped with its front bumper about 6 feet from where plaintiff was engaged in repairing the pump. After the gasoline tanks of the truck had been filled, defendant got out of the cab on the left side and walked around the back of the truck, across the inner drive, into the station to sign a discount ticket. Several minutes later he returned by way of the rear of his truck, climbed into the cab on the left side, shut the door, started the motor and proceeded ahead, striking and injuring plaintiff. The right front wheel of the truck passed over plaintiff's leg, throwing his body against the cement island, from which he received serious injuries.

The trial court reached the conclusion defendant did not look ahead of his truck before driving into and against plaintiff, that defendant was guilty of negligence which was the proximate cause of plaintiff's injury. He found plaintiff free from contributory negligence, the court holding he was apparently doing what any ordinary workman would have done under like circumstances in repairing the pump, that

there was nothing to indicate that any warning was given plaintiff who was at all times visible to the defendant driver.

Defendant contends plaintiff was guilty of contributory negligence as a matter of law, that under the undisputed evidence plaintiff voluntarily assumed the risk of a known danger and brought himself within the operation of the maxim *volenti non fit injuria.* Though this case was heard by the trial court without a jury, whether there was a question of fact to be determined is the same as if there were a jury. The trial judge was the trier of the facts and the same rules govern a consideration of the facts as would govern a jury. *Crampton* v. *Crampton,* 205 Mich. 233. The record indicates there was testimony upon all of the controverted facts included in the findings of the trial court tending to support such findings. It was for the trial judge to determine the credibility of the testimony and its sufficiency. *Edwards* v. *Nelson,* 51 Mich. 121; 64 C. J. p. 1209.

Plaintiff was not injured in a public highway but in a private way where there was not only less travel, but less rapid travel, and, therefore, a lower degree of care or diligence on plaintiff's part was required. *Foley* v. *Riverside Storage & Cartage Co.,* 85 Mich. 7. Plaintiff was where he had a right to be, engaged in repairing the pump. It is true that he might have seen the danger from the operation of defendant's truck and avoided it if he had seen it. But by reason of the nature of his duties and the surrounding circumstances, the fact that he was attending to his business in repairing the pump and that at the time of the injury his attention was directed to other objects, makes the question of his contributory negligence a question of fact. *Lazell* v. *Kapp,* 83 Mich.

36; *Foley* v. *Storage & Cartage Co., supra; Green-leaf* v. *Railroad Co.,* 33 Iowa, 52; *Baldwin* v. *Railway Co.,* 63 Iowa, 210 (18 N. W. 884); 1 Thompson on Negligence (2d Ed.), § 189. Contributory negligence is ordinarily a question of fact for the jury, if there is one, unless the evidence so plainly and clearly establishes such contributory negligence that no reasonable man could come to any other conclusion. *Frary* v. *Grand Rapids Taxicab Co.,* 227 Mich. 445. If plaintiff was in the exercise of ordinary care under all of the circumstances, he was not guilty of contributory negligence; and what is ordinary care is usually a question of fact. It is the care which an ordinarily prudent person would exercise under the same or similar circumstances. The trial court determined the facts under the testimony, he found defendant negligent and plaintiff free from contributory negligence, and there was testimony to sustain his findings.

One may, of course, impliedly waive his right of action against another for negligence by voluntarily assuming the risk and he may not recover against another even though such other person is negligent if his injury results from his own voluntary wrong. This is the basis of the maxim *volenti non fit injuria.* But, in this case, the questions of defendant's negligence and plaintiff's freedom from contributory negligence are questions of fact. There was ample testimony to sustain the findings of the trial court.

Judgment affirmed, with costs.

WIEST, C. J., and BUSHNELL, SHARPE, CHANDLER, NORTH, and MCALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.