THURKOW v. CITY OF DETROIT.

1. CARRIERS—CARE TOWARD PASSENGERS AT STATION.
   A carrier must exercise ordinary and reasonable care towards passengers using its stations and approaches.

2. SAME—ORDINARY CARE TOWARD INVITEES.
   Ordinary care is commensurate with, and in proportion to, the extent that the carrier should have reasonably anticipated or known of hazards and dangers towards invitees entering upon its premises.

3. SAME—MERE HAPPENING OF ACCIDENT NO EVIDENCE OF NEGLI-
GENCE.

Mere fact that person transferring from one of defendant's
streetcars to another was struck by bus owned by defendant
while on its premises is no evidence of negligence.

4. NEGLIGENCE—RES IPSA LOQUITUR—ATTENDANT CIRCUMSTANCES
RAISING LEGITIMATE INFERENCES.

While the happening of an accident alone is no evidence of negli-
gence, if the attendant circumstances are sufficient to take the
case out of the realm of conjecture and within legitimate in-
ferences from established facts, a *prima facie* case is estab-
lished.

5. CARRIERS—BUSSES—PRIVATE DRIVEWAY—NEGLIGENCE—STOPPING.

Plaintiff while transferring from one of defendant's streetcars
to another in crossing private drive 24½ feet wide and while
4½ feet from westerly side thereof and 20 feet north of well-
lighted street corner around which defendant's bus made a
wide righthand turn to the north was in a place that defendant
should reasonably have known constituted a danger to invitees
and, on peril of legal negligence, have its bus so driven that
driver could and would discover plaintiff on the driveway, per-
form the manual acts necessary to stop, and bring bus to a
complete halt within range of vision.

6. TRIAL—MOTION FOR DIRECTED VERDICT—EVIDENCE.

On defendant's motion for directed verdict, the evidence must
be considered in the light most favorable to plaintiff's right
to recover.

7. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR TRIER OF
FACTS—DIRECTED VERDICT.

Contributory negligence is ordinarily a question of fact for the
jury, if there is one, unless the evidence so plainly and clearly
establishes such contributory negligence that no reasonable
man could come to any other conclusion.

8. HIGHWAYS AND STREETS—PRIVATE ROADS—CARE REQUIRED OF
PEDESTRIANS.

A lower degree of care and diligence is required of pedestrians
upon private driveways than is required of pedestrians cross-
ing a public street.

9. Same — Pedestrians — Contributory Negligence — Failure to Look Behind.

Pedestrians are not contributorily negligent as a matter of law for failure to look directly behind them or diagonally across shoulder to the side and rear.

10. Carriers—Automobiles—Private Driveway—Pedestrians—Contributory Negligence.

Westbound 72-year old pedestrian who was slightly deaf in left ear, totally blind in left eye and whose left ankle was infected and who was but 4½ feet from westerly side of defendant's private driveway and 20 feet north of its intersection with public street from which defendant's bus made a right turn may not be *held*, guilty of contributory negligence as a matter of law as reasonable men could differ as to whether he was unreasonable in believing northbound bus would traverse the 20 feet behind him rather than continue its course on the left side of the driveway where, before attempting to cross, he had looked both ways and saw no bus approaching and did not look behind him thereafter although he realized he was in a place of danger.

Appeal from Wayne; Chenot (James E.), J. Submitted January 11, 1940. (Docket No. 35, Calendar No. 40,900.) Decided March 15, 1940.

Case by Henry Thurkow against City of Detroit, a municipal corporation, for damages for personal injuries sustained when struck by a bus. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed.

*Gerald E. Schroeder,* for plaintiff.

*Rodney Baxter* and *William J. McBrearty,* for defendant.

Potter, J. Plaintiff is a man 72 years of age. He was slightly deaf in his left ear, his left eye was missing, and for four or five days immediately preceding the accident in question his left ankle had

been infected. December 3, 1938, he boarded a Woodward avenue streetcar owned by defendant and rode south to the northwest corner of Woodward and Manchester avenues. There he secured a transfer to the Oakman car, also owned by defendant, and stepped off the car. On the northwest corner of Woodward and Manchester is ' the Briggs building. A public sidewalk runs west on Manchester avenue along the south side of the Briggs building to a point eight feet west of the building. A public sidewalk eight feet in width also extends north along the west side of the Briggs building. Adjacent to and parallel with the sidewalk which runs north is a driveway 24 feet 6 inches wide. The property on the west side of this driveway is owned by defendant, which has erected thereon a bus and streetcar terminal and turnaround. Plaintiff's destination was defendant's passenger platform located on the north side of Manchester avenue directly across the driveway. After leaving the Woodward avenue streetcar, plaintiff walked west along the sidewalk in front of the Briggs building to the eight-foot sidewalk on the west side of this building; then north four or five steps; then directly west across the drive. After he had traveled 20 feet across this 24½-foot driveway, he was struck by one of defendant's busses. The bus had come west along Manchester avenue and had made a righthand turn to go north upon the driveway. Plaintiff made an observation to the right and left after he reached a point where he intended to cross the driveway. There were no vehicles approaching from either direction. Although it was 5:45 p. m. and there was a light drizzly rain, the location was well lighted by flood and store lights. At the conclusion of plaintiff's case, defendant moved for a directed verdict of no cause of action. Plaintiff then asked permis-

sion to reopen the case to present proof that the driveway was owned by defendant. This request was denied, but the court assumed for the purpose of the motion that the drive was privately owned and that plaintiff was an invitee at the time he was injured. The court then granted the motion and dictated an opinion in which it found no proof of negligence on defendant's part and found plaintiff guilty of contributory negligence. These findings are the substantial errors upon which plaintiff relies.

Plaintiff was not struck upon a city street but upon the private driveway of the defendant. Plaintiff was a guest of defendant, entering upon its property to make use of the facilities which it, as a common carrier, made available to the public.

A carrier must exercise ordinary and reasonable care towards passengers using its stations and approaches. *Anda* v. *Chicago, D. & G. B. Transit Co.,* 231 Mich. 567; 2 Hutchinson, Carriers (3d Ed.), p. 1060, § 937. Ordinary care is commensurate with, and in proportion to, the extent that the carrier should have reasonably anticipated or known of hazards and dangers towards invitees entering upon its premises. *Anda* v. *Chicago, D. & G. B. Transit Co., supra; Kelly* v. *Railway Co.,* 112 N. Y. 443 (20 N. E. 383, 3 L. R. A. 74). We cannot say plaintiff failed to establish a *prima facie* case. The happening of the accident alone is no evidence of negligence. *Elsey* v. *J. L. Hudson Co.,* 189 Mich. 135 (L. R. A. 1916 B, 1284); *A. J. Brown & Son, Inc.,* v. *City of Grand Rapids,* 265 Mich. 465. But if the attendant circumstances are sufficient to take the case out of the realm of conjecture and within legitimate inferences from established facts, a *prima facie* case is established. *Burghardt* v. *Railway,* 206 Mich. 545 (5 A. L. R. 1333); *O'Donnell* v. *Lange,* 162 Mich. 654

(Ann. Cas. 1912 A, 847); *Macres* v. *Coca-Cola Bottling Co., Inc.,* 290 Mich. 567.

"It is true that where an injury occurs that cannot be accounted for, and where the occasion of it rests wholly in conjecture, the case may fail for want of proof. * * * But such cases are rare, and that rule should never be so extended as to result in a failure of justice, or in denying an injured person a right of action where there is room for balancing the probabilities, and for drawing reasonable inferences better supported upon one side than the other." *Schoepper* v. *Hancock Chemical Co.,* 113 Mich. 582.

See, also, "Negligence—Presumptive Rule of Negligence as Applied in Michigan," 18 Michigan State Bar Journal, p. 36. The fact that plaintiff was but 4½ feet from the left edge of the driveway when he was struck, that the corner was well lighted, that defendant should reasonably have known that wide turns by its busses constituted a danger to invitees, and that one must, on peril of legal negligence, so drive that he can and will discover an object, perform the manual acts necessary to stop, and bring the car to a complete halt within such range (*Ruth* v. *Vroom,* 245 Mich. 88 [62 A. L. R. 1528]; *Spencer* v. *Taylor,* 219 Mich. 110), is sufficient to remove this case from the realm of speculation.

Defendant claims plaintiff was contributorily negligent. Defendant points to the fact that plaintiff could not see a bus until it reached a point even with the west line of the Briggs building; that plaintiff testified he knew at the time he crossed the drive that he was in danger of being struck by busses making wide righthand turns; that plaintiff walked 20 feet across the drive without turning his head to the left or right to see if there was approaching traffic. Contributory negligence is a question for the jury, if there is one, and, on motion for a directed

verdict, the evidence must be considered in the light most favorable to plaintiff's right to recover. *Arnell* v. *Gordon,* 234 Mich. 140; *Moore* v. *Noorthoek,* 280 Mich. 431; *Frary* v. *Grand Rapids Taxicab Co.,* 227 Mich. 445; *Wallace* v. *Rosenfeld,* 285 Mich. 204; *Reedy* v. *Goodin,* 285 Mich. 614.

"In cases of this character it should be made very plain by the proofs that the conduct of the plaintiff was negligent before his conduct is declared to be negligent as a matter of law." *Frary* v. *Grand Rapids Taxicab Co., supra.*

"Contributory negligence is ordinarily a question of fact for the jury, if there is one, unless the evidence so plainly and clearly establishes such contributory negligence that no reasonable man could come to any other conclusion." *Reedy* v. *Goodin, supra.*

A lower degree of care and diligence is required of pedestrians upon private driveways than is required of pedestrians crossing a public street. *Foley* v. *Riverside Storage & Cartage Co.,* 85 Mich. 7; *Reedy* v. *Goodin, supra.*

At the time plaintiff was struck he was 20 feet north of the intersection of the driveway and Manchester avenue and there was 20 feet of driveway behind him in which a northbound bus could pass. Notwithstanding the fact that the nature of the corner necessitated wide turns, it is clear that defendant's bus was on the left side of the road when it struck plaintiff. Contributory negligence is found when reasonable men could come to no other conclusion. It cannot be said that reasonable men would unanimously agree that plaintiff was unreasonable in believing a northbound bus would traverse the 20 feet behind him rather than continue its course on the left side of the driveway. Pedestrians are not contributorily negligent as a matter of law for fail-

ure to look behind them. *Krukowski* v. *Englehardt*, 276 Mich. 136. The word "behind" as applied in *Krukowski* v. *Englehardt* does not mean directly back of one, but rather diagonally across one's shoulder to the side and rear. The record does not reveal whether defendant's bus was moving directly west or northwest at the time it struck plaintiff. If the bus was moving northwest at the time of the accident, it cannot be ruled as a matter of law that plaintiff's failure to look constituted contributory negligence. The fact that plaintiff looked in both directions before he attempted to cross the driveway, that there were no cars coming at the time, that he was an invitee upon defendant's private driveway, that at the time he was struck there was ample room for a northbound bus to pass behind him, and that as a matter of law he was not bound to look back across his left shoulder are adequate facts to make plaintiff's contributory negligence a question of fact for the jury.

Judgment reversed, with costs, and case remanded for trial.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.