[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT KAREN E. KENNEDY'S MOTION FOR SUMMARAY JUDGMENT
This is a single count complaint in the nature of an interpleader filed by the Travelers Insurance Company (Travelers) on September 1, 1989 which seeks a determination of who is the proper beneficiary of a life insurance policy issued by Travelers, on August 14, 1958, to John J. Kennedy, Jr. (decedent). The Travelers policy is in the amount of $28,000 which is to be paid to the named beneficiary at the time of decedent's death.
The two defendants in this interpleader action are Karen Kennedy (decedent's wife) and John J. Kennedy III (decedent's son). Each defendant alleges that he/she is the proper beneficiary and both have
The facts, as ascertained from Karen Kennedy's motion for summary judgment and John J. Kennedy III's answer and statement of claim, are as follows: The decedent, age 56, married Karen Elaine Rossi, age 26, on June 21, 1988. On or about August 17, 1988, the decedent executed a change of beneficiary form designating Karen Kennedy as the primary beneficiary of the Travelers' policy, and John J. Kennedy III as the contingent beneficiary. The decedent died on March 22, 1989. Karen Kennedy made a claim for the proceeds of the policy and John J. Kennedy III objected to such payment on the grounds that due to chronic intemperance, the decedent was not competent at the time of the change of beneficiary form was executed; and that the decedent, due to his chronic state of inebriation, was the victim of undue influence in his execution of the change of beneficiary.
Presently before the court is Karen Kennedy's motion for summary judgment filed on February 20, 1990, along with a memorandum of law and affidavits in support thereof. Karen Kennedy's motion is opposed by a memorandum of law and affidavits filed by John J. Kennedy III on August 10, 1990. The pleading were closed on June 20, 1990.
Movant, Karen Kennedy, argues that there exists no genuine CT Page 4074 issue that the decedent was competent at the time the change of beneficiary form was executed; and that the decedent acted in accord with his express intent to name his wife, Karen, as his beneficiary. The movant supports these allegations with the affidavit of Rosemary Hearn who declares that she witnessed the decedent sign the change of beneficiary form; that the decedent was not intoxicated; and that the decedent acted in accord with his express intent to name his wife as his beneficiary.
John J. Kennedy III argues that the decedent was in a chronic state of intoxication which prohibited him from exercising deliberate judgment in the execution of the change of beneficiary form. John J. Kennedy III also argues that the decedent was the victim of the undue influence of Karen Kennedy. In support of these allegations, John J. Kennedy III offers the affidavits of himself and Dr. Muzibul Chowdhury attesting to the chronic alcoholic condition of the decedent.
"Summary judgment is appropriate when all the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." Connelly v. Housing Authority of the City of New Haven, 213 Conn. 354, 364 (1990). "The burden of proving that no genuine issue of material fact exists is on the movant." State of Connecticut v. Goggin,208 Conn. 606, 616 (1988). "The test is whether a party would be entitled to a directed verdict on the same facts." Id. The movant must show "that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Id.
To avoid the granting of a summary judgment, the adverse party "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such issue." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317 (1984). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." Catz v. Rubenstein,201 Conn. 39, 48 (1986). Situations which do not lend themselves to summary judgment include those dealing with questions of motive, intent, and subjective feelings and reactions. Nolan v. Barkowski, 206 Conn. 495, 504-505 (1988).
"It requires the same degree of mental capacity to make a valid change of beneficiary as it takes to make a will." Appleman, Insurance Law and Practice, 1034 (1966 Supp 1990). "In determining mental capacity in this type of case [involving a change of beneficiary], the same rules are applicable as in the case of a bequest or deed." Mutual Life Ins. Co. of New York v. Hughes, 292 Mch. 644; 291 N.W. 29, 41 (1948). See CT Page 4075 Goodale v. Wilson, 134 Me. 358; 186 A. 876 (1936); Wojtczuk v. Oleksic, 168 Md. 522; 178 A. 261 (1935). The test for determining the mental capacity of an insured in changing the beneficiary of his insurance policy is whether he had sufficient mental capacity to understand the business in which he was engaged, the extent of his property, the manner in which he desired to dispose of it, and who were dependent on him. Aetna Life Ins. Co. v. Yablonsky, 157 F. Sup. 90, 92 (E.D.Mich. 1957). "The ultimate determination of whether a testator [or insured] has measured up to this test is a question of fact for the trier." Stanton v. Grigley, 177 Conn. 558, 564 (1979).
"Under proper instructions from the court, the questions of mental capacity and undue influence present issues of fact." Salvatore v. Hoyden, 144 Conn. 437, 440 (1957). "Because direct evidence of intent is difficult to obtain, undue influence may be proved circumstantially." Reynolds v. Molitor, 184 Conn. 516,529 (1981).
The questions of the decedent's capacity to make the change of beneficiary and whether or not the decedent was unduly influenced are questions of fact. These issues have been properly presented to the court by John J. Kennedy, III in opposition to Karen Kennedy's motion for summary judgment.
There exists a genuine issue of material fact and Karen Kennedy's motion for summary judgment is denied.
Clark, J.